UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ERNEST TAYLOR                                    NO. 3:15-CV-00153-SDD-RLB

VERSUS

CITY OF BATON ROUGE, ET AL                    CIVIL ACTION

\* \* \* \* \* \* \* \* \* \*

Memorandum in Support of Motion to Dismiss Complaint

(Rules 12 (b)(6) and 8(a)(2) Federal Rules of Civil Procedure)

TO THE HONORABLE UNITED STATES CHIEF DISTRICT JUDGE:

I.

The Complaint Should be Dismissed in its Entirety

The complaint filed by plaintiff consists of 702 paragraphs of allegations, 124 pages, plus

an additional 49 pages of "exhibits."   The complaint is so confusing, convoluted, and filled with

irrelevancies that it is impossible to determine exactly what actions of the defendants that

plaintiff asserts gives rise to a claim for damages, and is in violation of Rules 8 and 10(b) of the

Federal Rules of Civil Procedure.   For that reason defendants suggest that the Court dismiss the

entire complaint, giving plaintiff an opportunity to amend in order to comply with those rules.

Rule 8(a)(2) states that:

"Claim for Relief.  A pleading that states a claims for relief must contain: ... (2) a
short and plain statement of the claim showing that the pleader is entitled to
relief..."

Rule 10(b) provides, in relevant part:

A party must state its claims or defenses in numbered paragraphs, each limited as
far as practicable to a single set of circumstances.

There is ample authority to support a dismissal of the entire complaint on these grounds.

In *Stanard v. Nygren,* 658 F.3d 792 (7th Cir., 2011) the Court was asked to reverse the district

court's dismissal of a complaint on the grounds of violating Rules 8 and 10(b) of the Federal

Rules of Civil Procedure.   The Court refused to reverse.  At page 794 the Court stated:

> After giving Marksym three tries at producing a complaint that complied with Rules 8
> and 10(b) of the Federal Rules of Civil Procedure, the district court dismissed the case
> with prejudice...We affirm.  The district court was well within its discretion to reject the
> second amended complaint and dismiss the case with prejudice.  Each iteration of the
> complaint was generally incomprehensible and riddled with errors, making it impossible
> for the defendants to know what wrongs they were accused of committing.

Plaintiff describes only one incident which, if proved, could possibly form the basis of

relief to plaintiff.   In paragraphs 164 (page24) through paragraph 226 (page 32), plaintiff alleges

that during the late night of April 29, 2014, and early morning of April 30, 2014, plaintiff was

arrested on suspicion of armed robbery; that attempts at identification failed, and plaintiff was

returned to his home during the early morning of April 30.  He also alleges that the officers

searched his residence and vehicle but removed nothing.

The complaint is fraught with confusing, immaterial and generally incomprehensible

allegations and to which it  is impossible to frame a sensible answer.  Defendants submit that the

complaint is in gross violation of the Federal Rules of Civil Procedure and should be dismissed.

The following are merely examples  of the allegations set out in plaintiff's complaint,

and are not a complete list,  but do illustrate the nature of plaintiff's complaint as a whole.

Paragraphs 27 through 101 (Pp.6 - 15 of the complaint) describe an arrest of the plaintiff

on October 13, 2012, and which plaintiff admits (Pp. 114,  p. 124) is the subject of plaintiff's

lawsuit, *Ernest Taylor v. City of Baton Rouge, et al.*, number 13-579-BAJ-RLB, which is

presently pending on the docket of this very court, awaiting a hearing on the question of damages, and is therefore both prescribed and precluded by virtue of being *res judicata.*

In paragraphs 101 through 163, plaintiff complains of the unconstitutionality of city ordinance section 13:95.3, an ordinance that has nothing to do with plaintiff's arrest in 2014.  In paragraphs234 through 247 plaintiff describes his opinion of the responsibilities and operations of the parish attorney's office which office had no involvement  with plaintiff's 2014 arrest as no charges were filed.

In paragraphs 248 through 250 plaintiff relates the dates upon which the Second, Fourth and Fourteenth Amendments were adopted.  Paragraphs 259 through 278 describe the chronology of the progression of federal, state and local firearms legislation. ( No firearms were involved in the April, 2014, incident.)  Paragraphs 311 through 318 cite state criminal code articles on arrest, and three sections of the Highway Regulatory Act, none of which has any relevance to plaintiff's claim.

Paragraphs 319 through 355 describe President Lyndon Johnson's special message to Congress on law enforcement, and quotes many sections of the report of the task force set up by President Johnson, quotes sections from the ABA standards for urban police function, and quotes numerous rules of the Louisiana Rules of Professional Conduct.

In paragraphs 516 through 524 plaintiff accuses all of the defendants, including the parish attorney and assistants,  with the commission of twenty crimes ranging from malfeasance to terrorism, even though the parish attorney's office had nothing to do with the incident.

Paragraphs 411 through 423 describe the statutes dealing with criminal defamation, with which plaintiff has not been charged.

Paragraphs 424 through 458 deal with the offense of sodomy and plaintiff's disagreement with the enforcement thereof, although plaintiff's situation has nothing to do with sodomy.

In *Gonzales v. Wing,* 167 F.R.D. 352 (N.D.N.Y. 1996), the court dismissed the entire complaint, stating , at pages 354 - 355,

> It is immediately apparent that plaintiffs' two hundred and eighty-seven page Complaint violates each and every one of these rules of pleadings. Far from being a "short and plain statement of the claim," Rule 8(b)(2), plaintiffs' Complaint is incredibly dense and verbose, containing so many factual averments of such specificity that it is impossible to discern which facts support, or are even relevant to, which claims. Indeed, there are so many repetitious factual allegations it is impossible to keep track of which allegations are redundant and which represent new allegations. It is likewise impossible to assess such voluminous pleadings in terms of materiality....Beyond the voluminous factual specifics therein, plaintiffs' Complaint is larded with legal argument, citation to case-law and legislative history....

> Plaintiffs' Complaint must be dismissed: it presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims.

The foregoing description could easily fit the 173  page complaint filed by the plaintiff in the case at bar.   A similar conclusion for similar reasons  was reached by the court in *Cincinnati Life Insurance Company v. Beyrer, et al,* 722 F3d. 939 (7th Cir. 2013).

Defendants respectfully submit that plaintiff's complaint should be dismissed in its entirety.

II.

Alternatively, and should the Court determine not to dismiss the Complaint, defendants respectfully submit that the following counts included in that complaint should be dismissed for the reasons stated hereinafter.

**Count One**

Count one, paragraphs 602 through 616 (Pp. 106 - 108), illustrates some of the problems with the complaint.  The first paragraph states: " The City of Baton Rouge, and its individual actors instituted and/or maintained a police, practice, or custom of aggressively pursuing individuals who voiced complaints against officers of the BRPD, and condoning the efforts of BRPD officers to violate the civil rights of such individuals through intimidation, the use of unconstitutional searches and seizures, and or making arrests in the absence of probable cause."

Who are the individual actors?  Does plaintiff refer to all defendants, any, or others not named?  In *Llewellyn-Jones v. Metro Property Group, LLC*, 22 F.Supp. 3d 760 (D.C. E.D. Michigan, 2014), the plaintiff failed to distinguish which of the defendants performed the fraudulent act.  The Court said, at page 780,

> Under *Hoover v. Langston Equipment Associates, Inc.,* 958 F.2d 742,745 (6th Cir. 1992)
>
> a plaintiff must specify which of the defendants made each fraudulent statement and may not bring claims of fraud against "the defendants" generally.  Collective references to "the defendants" or other such categories by themselves fail the specificity test of Rule 9(b). (Citations omitted).

Surely,  accusations as vicious as  those made in count one deserve the same specificity as does an accusation of fraud.

In paragraph 616, plaintiff states his claim for relief in count one:  "As the policies, practices, customs, and/or tactics employed by the City and its actors violate the First Amendment to the Constitution of the United States, and as federal law is the supreme law of the land, Taylor is entitled to monetary damages pursuant to 42 USC 1983"  (P. 108 of plaintiff's complaint).

Plaintiff probably meant the Fourteenth Amendment rather than the First Amendment.  Nevertheless, Taylor claims damages not for any deprivation of any of his protected rights, but

because the alleged policies, practices, customs, and/or tactics employed by the city violate federal law.  In other words, Taylor claims that the mere existence of such policies entitles him to damages, but he does not allege that he was deprived of a protected right or how he was damaged.

42 U.S.C. 1983, under which plaintiff filed this action, requires the deprivation of a right, privilege, or immunity secured by the laws and Constitution. The First Amendment, insofar as it is relevant here, through the Fourteenth Amendment, protects freedom of speech and the right to petition the government for redress of grievances.

Taylor obviously was not intimidated.  He did not stop pursuit of either his original lawsuit or his internal affairs complaint.  In fact, he was so unintimidated that he filed the present lawsuit.  Thus, there was no deprivation of Taylor's protected rights of free speech or to petition for redress of grievances.

In count one Taylor prays for no other relief.   Defendants respectfully suggest that plaintiff's count one fails to state a claim upon which relief may be granted.

## Count Two

Paragraph 617 of plaintiff's count two, he states: "The city of Baton Rouge, and its individual actors, instituted and/or maintained a policy, practice, or custom of condoning BRPD officers routine engagement in unlawful searches and seizures  pursuant to unenforceable provision of law that "remain on the books."  The allegations of count two illustrate again the confusion in this complaint and the difficulty in defending against it.

Again, plaintiff alleges the existence of fictional policies that assist his claim, but offers no factual allegations to support their existence.  The confusion is to exactly what search is plaintiff referring?  He states no date, but does allege that Officers Thomas, Wennemann, Ardoin, and/or

John Doe #1 - #4 performed unlawful searches and seizures (¶ 618).   Ardoin  was not present at the October 13, 2012, event (¶ 27, complaint),  but guns were seized.   Wennemann was not present at the April 29, 2014, event (Plaintiff's Exhibit E, P. 28),  but nothing was seized (¶ 25 of complaint).  If plaintiff is referring to the October 2012, event, then the matter is prescribed and precluded by *res judicata.*   If plaintiff is referring to the April 29, 2014, event, then nothing was seized. Taylor does not allege that any property located in such a search will be offered in evidence against him.  He does not allege that any charges have been or are likely to be filed against him.  And, in fact, no charges have been filed nor will any be filed.

As in count one, Taylor fails to allege that he suffered any damages as a result of a warrantless search on April 29, 2014.  Defendants respectfully move the Court to dismiss count two as failing to state a claim upon which relief can be granted.

### Count Three

Plaintiff alleges in paragraph 645 that, "As the policies, practices, customs, and/or tactics employed by the city and its actors violate the Fifth Amendment to the Constitution of the United States, and as federal law is the supreme law of the land, Taylor is entitled to monetary damages pursuant to 42 U.S.C. 1983."

In paragraph 632 plaintiff claims that "The City of Baton Rouge, and it individual actors also instituted and/or maintained a policy, practice, or custom of condoning BRPD officers routine engagement in unlawful interrogation practices by failing to advise individuals of their rights under the Fifth Amendment."

In paragraph 209 of his complaint, Taylor admits that Officer Thomas advised Taylor of his Miranda rights.  Taylor does not allege that he was interrogated or that he made any statements, incriminating or otherwise.  Taylor does not allege that he anticipates that any statement might be used against him.

Again, Taylor claims damages solely on the basis of an alleged policy that played no part in Taylor's problems.  And, once again, Taylor offers no factual allegations to support his conclusion that such a policy actually existed.  In point of fact, Taylor's admission that he was advised of Miranda rights directly contradicts his allegation that a contrary policy existed.

Defendants submit that count fails to state a claim upon which relief can be granted, and should be dismissed.

### Count Four

Plaintiff claims a deprivation of his right to equal protection.  In the concluding paragraph of count four plaintiff writes, "As the policies, practices, customs, and/or tactics employed by the City and it actors violate the Fourteenth Amendment to the Constitution of the United States, and as federal law is the supreme law of the land, Taylor is entitled to monetary damages pursuant to 42 U.S.C. 1983."

The "policy" to which plaintiff refers is set out in paragraph 646.  "The City of Baton Rouge, and its individual actors instituted and/or maintained a policy, practice, or custom of promoting, encouraging and/or condoning BRPD officers routine use of discriminatory police tactics, selective enforcement of laws, and racist mentalities."

In paragraph 647, Taylor complains that, "This policy includes the maintenance and enforcement of illegal provisions of law that have historically been used to marginalize minority individuals such as Taylor."

Paragraph 647 is obviously referring to the incident of October, 2012, where Taylor claimed that the ordinance was unconstitutional.  Since the offence relative to the 2014 affair was armed robbery, hardly an "illegal provision of law," this count seeks damages for an alleged wrong that has prescribed and is *res judicata.*

Taylor's only complaints are that he was arrested without cause and that a warrantless search was made of his vehicle.  He was not charged with or prosecuted for any offense resulting from the April 29, 2014, event. He does not allege that any of this was motivated by any sort of racial or minority prejudice. The allegation is that the actions of the officers were intended to intimidate Taylor, not because of his race but because he had complained about police actions.

Such policy does not exist, of course, and Taylor has offered no factual allegations that it does.  Even were such a policy in existence, it played no part in Taylor's arrest of April 29, 2014, and defendants submit that count four should be dismissed as failing to state a claim upon which relief can be granted.

## Count Five

Taylor claims damages on the grounds that defendants Thomas, Wennemann, Ardoin, and/or the John Does conspired, in violation of 4 U.S.C. 1985(1) to deter Taylor from further prosecution of his lawsuit against the city "and certain of its actors."  Once again, plaintiff's pleading is too confusing to permit a categorical answer.  The present lawsuit was filed after the April, 2014, event, so count five could not be referring to defendants' influencing Taylor in

connection with the present matter.  On the other hand, according to plaintiff's exhibit A, page 14

of 49, neither Ardoin or the John Does were present at the first arrest.  So, to which incident is

plaintiff referring in count five?

In any event, the statute cited, 42 U.S.C. 1985 (1) is the wrong statute.  Subsection (1) of

1985 applies only where the conspiracy is aimed at influencing an officer of the United States

government in the performance of his duties.  Even were the Court to read the count as referring

to either subsections (2) or (3) of section 1985, count five would still fail to state a claim.

"In a civil rights conspiracy action, the damages flow from the overt acts in furtherance of

the conspiracy, not from the existence of the conspiracy itself."  *Volk v. Coler*, 845 F2d 1422,

1436 (7th Cir. 1988), citing *Andree v. Ashland County,* 818 F2d 1306, 1311 (7th Cir. 1987).  Taylor

has failed to allege that he suffered any damages resulting from a conspiracy to hinder his

prosecution of his claims.  As pointed out above, Taylor continued to prosecute his original suit

and filed a second suit.

Defendants submit that in view of Taylor's failure to make any factual allegations

supporting his purely conclusory allegations that such a conspiracy existed and in view of the

absence of any damages, count five should be dismissed as failing to state a claim upon which

relief may be granted.

### Count Six

Here plaintiff claims a right to attorney fees, but such right depends upon plaintiff's

success.  Defendants submit that plaintiff has failed to state a claim upon which relief may be

granted and thus cannot successfully maintain his claims under 42 U.S.C. 1983 or 1985, or any

other federal statute, and will not be eligible for an award of attorney fees.

**Count Seven**

As plaintiff admits, this is a duplication of plaintiff's count four.  Plaintiff claims that Article I, sections 3 and 9  of the Louisiana Constitution are  "coextensive" with the Fourteenth Amendment.  Plaintiff alleges that the defendants' actions "as set forth the Count 4" also violate these state constitutional provisions and plaintiff claims additional damages under the latter.

Obviously, if, as plaintiff claims, this claim is identical to that made in count four, then the defendants' arguments that count four should be dismissed equally apply to count seven.  Defendants adopt as their response to plaintiff's assertions in count seven those raised in response to count four.

Further, defendants submit that Section 1983 does not support an action to recover damages for violation of a state law.  Thus, the Court's jurisdiction to consider Plaintiff's claims involving state law would be pendent jurisdiction, and would exist only as long as a federal cause of action exists and at the Court's discretion.  Defendants submit that plaintiff's federal claims should be dismissed as failing to state claims upon which relief might be granted, and that the court decline jurisdiction of the state claims.

**Count Eight**

In count eight plaintiff alleges that the allegations set out in count 2 also establish a violation of Article I, section 5 of the Louisiana Constitution.  Thus the reasons given by defendants to dismiss count two equally apply to count eight and defendants adopt their responses to count two as their reasons to dismiss  count eight.  With the Court's permission, defendants also adopt the final paragraph of defendants' reasons to dismiss count 7 as additional argument to dismiss count 8.

-11-

### Count Nine

Plaintiff alleges that his claim for damages set out in count nine is identical to his claim set out in count one, but is based upon an alleged violation of Louisiana Constitution Article I, section 9. Thus the reasons set forth to dismiss count one equally apply to count nine, and defendants adopt as reasons to dismiss count nine the reasons set forth to count one. Defendants further submit that section 1983 does not involve jurisdiction to determine state claims, and defendants submit that the court should dismiss all federal claims alleged by plaintiff and decline jurisdiction of state claims.

### Count Ten

In count ten plaintiff seeks to recover damages for his arrest and seizure of his firearms on October 23, 2012. Defendants submit that as set out above, that claim is prescribed by one year's liberative prescription and is precluded as being *res judicata.*

In paragraph 679, plaintiff admits that the incident described in count ten occurred on October 13, 2012. In paragraph 3, plaintiff acknowledges that his claims arising from seizure of firearms on October 13, 2012, are the subject of his earlier suit entitled *Ernest Taylor v. City of Baton Rouge, et al,* number 13-579-BAF-RLB presently pending on the docket of the Court.

Thus defendants submit that plaintiff has admitted that the claim set out in count ten is prescribed and precluded as *res judicata.*

### Count Eleven

Plaintiff claims damages for an alleged violation of Article I, section 13 of the Louisiana Constitution which plaintiff claims to be identical to the allegations set out in count three. Defendants adopt and reassert the reasons for dismissal of count three as the reasons that count

eleven should be dismissed as failing to state a claim upon which relief may be granted.  Further, defendants submit that count eleven should be dismissed as a state claim, and adopt the reasons given for such in their motion to dismiss counts stated in defendants' motion to dismiss counts seven, eight, and nine, above.

### Count Twelve

Plaintiff asserts that he is entitled to damages under Louisiana general tort law, citing several articles of the Civil Code.  Plaintiff does not describe the specific acts or omissions that he maintains violate the four Civil Code articles.  He simply states, in paragraph 696, "Under the facts described above, all or some of the defendants may be held liable under La. C. C. 2315 for torts including, but not necessarily limited to (1) assault, (2)battery, (3) unnecessary/excessive force, (4) false arrest, (5) false imprisonment, and (6) malicious prosecution."

Defendants submit that count twelve fails to state a claim upon which relief may be granted because it fails to specify which of the 10 defendants performed which action.  It fails to describe with any specificity "the facts described above" making it impossible to answer.  Defendants submit that the count is too vague and indefinite to support a judgment and thus cannot form the basis for any relief.

Defendants further submit that since there is no viable federal claim upon which relief may be granted, the Court is without pendent jurisdiction of this claim.

Wherefore, defendants respectfully pray that plaintiff's demands be dismissed as failing to state claims upon which relief may be granted.

**RESPECTFULLY SUBMITTED:**
**Lea Anne Batson**
**Parish Attorney**

**/s/Frank J. Gremillion**
**Frank J. Gremillion**
**In Proper Person**
**Bar Roll #6296**
**10500 Coursey Blvd, Suite 205**
**Baton Rouge, LA   70816**
**(225) 389-8730 - Telephone**
**(225) 389-8736 - Facsimile**
*In Proper Person*


**/s/Gwendolyn K. Brown**
**Gwendolyn K. Brown (#19891)**
**Senior Special Assistant Parish Attorney**
**10500 Coursey Blvd, Suite 205**
**Baton Rouge, LA   70816**
**(225) 389-8730 - Telephone**
**(225) 389-8736 - Facsimile**
*Attorney for The City of Baton Rouge,*
*Carl Dabadie, Jr., James Thomas,*
*Patrick Wenneman, and Jeremiah A. Ardoin*


**/s/Michael P. Schillage**
**Michael P. Schillage (#35554)**
**Assistant Parish Attorney**
**10500 Coursey Blvd, Suite 205**
**Baton Rouge, LA   70816**
**(225) 389-8730 - Telephone**
**(225) 389-8736 - Facsimile**
*Attorney for Lea Anne Batson*

/s/Arthur Howell Andrews

**Arthur Howell Andrews (#2480)**
**Special Assistant Parish Attorney**
**222 St. Louis Street, Room 902**
**Baton Rouge, LA 70802**
**(225) 389-3114 - Telephone**
**(225) 389-5554 - Facsimile**
*Attorney for Lisa Freeman*


/s/Arlene C. Edwards

**Arlene C. Edwards (#5280)**
**Assistant Parish Attorney**
**9427 Bluebonnet Blvd., Suite C**
**Baton Rouge, LA   70810**
**(225) 709-9000 - Telephone**
**(225) 709-9001 - Facsimile**
*Attorney for James L. Hilburn & Mary Roper*


/s/Jonathan Holloway, Sr.

**Jonathan Holloway Sr. (#35554)**
**Special Assistant Parish Attorney**
**10500 Coursey Blvd, Suite 205**
**Baton Rouge, LA   70816**
**(225) 389-8730 - Telephone**
**(225) 389-8736 - Facsimile**
*Counsel for Tedrick Knightshead*

**CERTIFICATE**

I hereby certify that a copy of the above and foregoing pleading was this date

electronically filed with the Clerk of Court using the Court's CM/ECF system.  Notice of this

filing will be sent to plaintiff's counsel, Mr. Karl J. Koch and Mr. Elliot Cassidy, by operation of

the Court's electronic filing system.

Baton Rouge, Louisiana, this 8th day of July, 2015.


/s/Frank J. Gremillion
Frank J. Gremillion