UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ERNEST TAYLOR                                    NO. 3:15-CV-00153-BAJ-RLB

VERSUS

CITY OF BATON ROUGE, ET AL                       CIVIL ACTION

MEMORANDUM
IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE

* * * * * * * *

TO THE HONORABLE UNITED STATES CHIEF DISTRICT JUDGE:

Because of the length, some 700 numbered paragraphs in 124 pages plus 48 pages of exhibits, and the rambling nature of the complaint, it is impossible to determine with any certainty exactly what plaintiff maintains constitutes claims which might entitle him to relief.  Plaintiff describes an arrest of October, 2012, and a resulting lawsuit; a detention for identification purposes of April, 2014, which did not result in criminal charges;  and plaintiff alleges the existence of various, sinister "policies, practices or customs" of the police department and the parish attorney's office that plaintiff does not relate to any incident involving the plaintiff.

Mover suggests that it is impossible to determine exactly what plaintiff claims, and thus impossible to adequately answer the complaint.  Mover assumes that the plaintiff seeks damages as a result of the incident of April 29 -30, 2014, (¶ 164 through 226) (pp. 24 - 32 of the complaint) although the complaint is not at all clear on that point.

Nevertheless, since the events of April 29 - 30, 2014, form the only possible basis upon which plaintiff could possibly expect relief, mover respectfully suggests that the Court strike from the complaint  all of plaintiff's allegations that do not set forth circumstances relevant to the events of April 29, 2014, as described by plaintiff in paragraphs 164 – 226, as immaterial and impertinent.

1

Rule 8(a)(2) states that:

>"Claim for Relief.  A pleading that states a claims for relief must
>contain: ... (2) a short and plain statement of the claim showing that
>the pleader is entitled to relief..."

Rule 12(f) provides:

>"Motion to Strike.  The court may strike from a pleading an
>insufficient defense or any redundant, immaterial, impertinent, or
>scandalous matter."

In *Rogler v. U.S. Department of Health and Human Services,* 620 F.Supp.2d 123, 128,

(D.C. 2009) the court stated:

>"The purpose of [Rule 8(a)] is to give fair notice of the claim being asserted so as to
>permit the adverse party the opportunity to file a responsive answer, prepare an adequate
>defense and determine whether the doctrine of *res judicata* is applicable." *Brown v.
>Califano,* 75 F.R.D. 497,498 (D.D.C. 1977)(citing 2A Moore, Federal Practice sec. 8.13;
>5 Wright & Miller, Federal Practice and Procedure, Sec. 1217).

In *Gonzales v. Wing, et al*, 167 F.R.D. 352, 355 (N.D. N. Y. 1996), the court dismissed

plaintiff's complaint, ruling that:

>It is immediately apparent that plaintiffs' two hundred and eighty-seven page Complaint
>violates each and every one of these rules of pleading.  Far from being a "short and plain
>statement of the claim, Rule 8(a)(2), plaintiffs' Complaint is incredibly dense and verbose,
>containing so many factual averments of such specificity that it is impossible to discern
>which facts support, or are even relevant to, which claims.  Indeed there are so many
>repetitious factual allegations it is impossible to keep track of which allegations are
>redundant and which represent new allegations.  It is likewise impossible to assess such
>voluminous pleadings in terms of materiality..."

Mover suggests that the foregoing is equally applicable to the complaint in the present

case.

While it is clear that the decision to strike or not strike immaterial, impertinent, or

redundant material from a complaint is completely within the discretion of the court, the

jurisprudence has established considerations relevant to exercise of that discretion.  In

*Whittlestone, Inc. v. Handi-Craft Company,* 618 F.3rd  970 (9th Cir. 2010), the court stated that

"[t]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...."  (citing *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993)).

In *Gallardo v. AT&T Mobility, LLC,* 937 F.Supp.2d 1128 at 1134-5 (N.D. California 2013), the court stated that "[m]atter is immaterial if it has no essential or important relationship to the claim for relief pled.  Matter is impertinent if it does not pertain and is not necessary to the uses in question in the case.  Motions to strike are disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice *Bureering v. Uvawas,* 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).  They should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.  *Colaprico v. Sun Microsystems, Inc.,* 758 F.Supp. 1335, 1339 (N.D. Cal. 1991)."

In *Equal Opportunity Commission v. Breaux, 873 F. Supp. 2d 1093,1093*  (D.C. Minn. 2012), the court acknowledged that while a motion to strike is an "extreme measure" the court stated that "nevertheless, the court has 'liberal discretion' under the rule ..."  (citation omitted) and a motion to strike should be granted "if the result is to make a trial less complicated or otherwise streamline the ultimate resolution of the action" (citing *Daigle v. Ford Motor Company,* 713 F. Supp.2d  822, 830 (D.Minn. 2010)), and in *Williams v. Del Rey Auto Mall, Inc.,* 289 F.R.D. 697, 700 (S.D. Florida 2013), the court stated that "a motion to strike is intended to clean up the pleadings, removing irrelevant or otherwise confusing materials."

 Specifically, mover respectfully suggests that the following allegations set out in plaintiff's complaint should be stricken from the complaint for the reasons set forth below.

Paragraphs 27 – 101(pp. 6-105), all under the heading "The Events of October 13, 2012" are completely immaterial to plaintiff's claim for relief and are not pertinent at all to that claim. Those paragraphs deal with an event, plaintiff's arrest, which occurred on October 13, 2012, and which is the subject of a lawsuit filed by plaintiff entitled *Ernest Taylor v. City of Baton Rouge, et al,* No.13-cv-00579-BAJ-RLB, which lawsuit is presently pending before this very court.  Thus, the events of October 13, 2012, are *res judicata,* and, if not *res judicata,* are clearly prescribed. Thus, the events of October 13, 2012, cannot form a claim for relief in the present lawsuit and are totally irrelevant to plaintiff's claim which occurred in April of 2014.

Plaintiff will doubtless assert that the events of October 13, 2012, form the basis of the "retaliation" claimed by plaintiff in the present case.  However, this argument would be inaccurate.  Plaintiff's claims for retaliation are based upon plaintiff's having filed a civil lawsuit against the police officers and having filed an internal affairs complaint.  Whether the arrest of October of 2012 was valid is not relevant to plaintiff's present claim.

Mover respectfully submits that the allegations set forth in paragraphs 27 – 101, are impertinent and immaterial.  Mover further suggests that any evidence relative to that event would be inadmissible.  Thus, mover respectfully suggest that paragraphs 27 – 101 should be stricken from the complaint.

Mover respectfully submits that those allegations contained in paragraphs 102 – 163 (pp. 15 – 24) should be stricken from the complaint because they are completely impertinent to plaintiff's claim.  While those allegations are entitled by the plaintiff "The Events Leading Up to April 29, 2014," those allegations actually deal solely with the charge of possession of firearms based upon plaintiff's arrest in 2012.  Those allegations also describe the plaintiff's federal lawsuit based on that arrest and the fact that a default judgment was rendered.  Those allegations

4

also deal with plaintiff's claim that City Ordinance Title 13:95.3 is unconstitutional.  That Ordinance has absolutely nothing to do with plaintiff's arrest on April 29, 2014.  The ordinance is directly related to plaintiff's arrest during 2012, and it is totally unrelated to plaintiff's complaint about events almost two years later.

Defendant respectfully submits that those allegations set out in paragraphs numbered 235 through 247 (pp. 33 – 35) should be ordered stricken from plaintiff's complaint because those allegations set out plaintiff's opinions as to the operations and responsibilities of the parish attorney's office.  The allegations are, for the most part, completely incorrect, but even as stated, the allegations are not pertinent to plaintiff's claim because plaintiff has not alleged that the parish attorney's office played any part in plaintiff's arrest in April of 2014.  Plaintiff was not charged with any offense or prosecuted following that arrest.

Mover respectfully submits that the allegations contained in paragraphs numbered 248 – 250 (pp. 35 – 36) should be stricken from the complaint because those allegations make no reference to plaintiff's claim for relief and are totally impertinent to that claim.  These allegations are entitled, "Development Status of the Rights Guaranteed by Federal and Louisiana Law." Specifically, those three paragraphs simply state the dates upon which certain amendments to the United States Constitution came into effect and when the Louisiana Constitution was ratified. Plaintiff's arrest on April 29, 2014, was for the purpose of identifying him relative to a possible charge of armed robbery and has nothing to do with the dates of adoption of those amendments to the federal constitution or to the state constitution.

Mover respectfully submits that the allegations set forth in paragraphs 251 – 258 (pp. 36 – 37) should be stricken from the complaint because they are simply  legal arguments, and describe no circumstances relative to plaintiff's claim.  Plaintiff has entitled those allegations "The Right to Seek Redress of Grievances."

Mover respectfully submits that the allegations set forth in paragraphs 259 – 278  (Pp. 37 – 41), appearing in the complaint under the title "Right to Keep and Bear Arms" should be stricken from the complaint because those deal solely with constitutional provisions, statutes, and ordinances relative to possession of firearms.  Plaintiff does not allege that on April 29, 2014, his detention on that date was in any way connected with possession of firearms.  The references of paragraphs 259 – 278 are obviously to plaintiff's arrest of October 2012, which is not the basis of plaintiff's claim for relief in the present case.

Mover respectfully suggests that the allegations set forth in paragraphs 279 – 301 (pp. 41 - 45),  should be stricken from the complaint because those allegations, which are entitled "The Right to be Free from Unreasonable Searches and Seizures," are simply statements of the law on the subject of search and seizure, quotations from various judicial decisions, and, once again, deal with City Ordinance 13:95.3, which is not the basis of plaintiff's arrest on April 29, 2014. Defendant-movers respectfully suggests that those allegations are completely impertinent and simply introduce spurious issues.   Plaintiff does not allege that anything seized during a search will be used against him.  Not only has plaintiff not alleged that no charges have been filed against him, he admits, in paragraph 215, that nothing was seized from his residence or vehicle.

Movers respectfully submit that the allegations set forth in paragraphs numbered 302 – 304 (p. 46), entitled, "The Right Against Self-Incrimination," should be stricken from the complaint as those paragraphs deal with Fifth Amendment protection against self-incrimination.  Plaintiff does not allege that he made any incriminating statements in connection with the incident of April 29, 2014, and does not allege that any statement  was, or could be, or would be used against him.  The allegations contained in those paragraphs add issues which have nothing to do with plaintiff's claim for relief.

Defendant-movers respectfully submit that the allegations set forth in paragraphs 305 – 310 (pp. 46 – 47) which appear under plaintiff's title "The Right to Equal Protection of Law" should be stricken from the complaint because they are unrelated to plaintiff's arrest on April 29, 2014.  Plaintiff makes no claim that his arrest on that date was a denial of equal protection.

Mover respectfully submits that the allegations set forth in paragraphs 311 – 318 (pp. 48 – 49) should be stricken from the record as these paragraphs, which are entitled "Other Provisions of Law," deal with  subjects  ranging from driving without a valid driver's license, making an arrest without a warrant, and other violations of Title 32 – the state traffic code.  Plaintiff does not allege that on April 29, 2014, his encounter with law enforcement had anything to do with his operations of a motor vehicle.  These allegations are obviously intended to refer to plaintiff's arrest during October of 2012, when plaintiff was stopped for driving without headlights on,  and are not pertinent or material to plaintiff's present claim.

Mover respectfully submits that the allegations set forth in paragraphs numbered 319 – 364 (pp. 49 – 67) should be stricken from the complaint.  These allegations are titled by the plaintiff as "Recognition of National and Regional Problems and Recommendations for Reform."

Plaintiff alleges that in 1965, President Johnson established a commission to study law enforcement in general and to prepare a "comprehensive report."  The allegations constitute a history of the actions of that commission and, at page 52, set out a summary of the report of that task force, none of which mentions or has anything to do with the City of Baton Rouge, the plaintiff, or the plaintiff's arrest in April of 2014.  These allegations also discuss, at paragraph 335, "ABA Standards on Urban Police Functions" and spend four pages summarizing American Bar Association Standards.  Again, none of these allegations mention plaintiff, plaintiff's arrest, nor the basis of plaintiff's arrest, and are totally impertinent to plaintiff's claim for relief.

This group of allegations also describe the National District Attorneys Association's National Prosecution Standards.  Again, there is no connection to plaintiff's claim for relief.  In fact, plaintiff has not alleged that formal charges were filed against him as a result of the April 2014 arrest and, in fact, none were.  These paragraphs, commencing at 339, summarize several sections of the Louisiana Code of Professional Conduct.  Paragraphs 356 through 364 describe the Department of Justice's investigation of the New Orleans police department during 1990 and 2010, and mention no connection to plaintiff' detention of April, 2014.

Mover respectfully submits that the court should strike from the complaint paragraphs numbered 365 – 381 (pp. 68 – 71).  This group of allegations plaintiff has entitled "The Existence and Enforcement of Unconstitutional Laws in Baton Rouge."

In these allegations, plaintiff claims that the City of Baton Rouge has traditionally sought to enforce statutes and ordinances that were in fact unconstitutional.  The plaintiff, at pages 69 – 70, lists a number of ordinances and statutes which, over the years, have been held to be unconstitutional or otherwise invalid.

None of these cases involve the statute dealing with armed robbery, the offense of which plaintiff was suspected on his arrest of April 29, 2014.

None of these allegations have any connection to or reference to plaintiff's claim arising from the events of April 29, 2014.

Defendant-movers respectfully submit that the allegations set out in paragraphs numbered 382 – 410 (pp. 71 – 75) should be stricken from the complaint. This group of allegations are entitled, by the plaintiff, "Baton Rouge Code of Ordinances § 13:95.3."

This Ordinance, in general, prohibits firearms on premises where alcohol is sold for consumption and was the basis of plaintiff's arrest in October of 2012, and has absolutely no connection with plaintiff's difficulties in April of 2014. This group of allegations also describes the creation of a task force in 2010 consisting of Baton Rouge police officers and sheriff's deputies for the purpose of attempting to reduce the number of murders and violent crimes in East Baton Rouge Parish (¶ 382). Paragraphs 397 through 410 specifically refer to Ordinance 13:95.3 None of the allegations in this group of allegations has any connection whatsoever with plaintiff's claim.

Defendant-movers respectfully submit that the allegations set forth in paragraphs 411 – 423 (pp. 75 – 77) should be stricken from the complaint because, once again, these allegations have absolutely no connection with plaintiff's claim for relief. In fact, these allegations are entitled by the plaintiff as "Louisiana R.S. § 14:47," which deals with criminal defamation. Plaintiff does not claim that he was defamed and does not seek damages for defamation.

Defendants respectfully submit that the allegations set forth in paragraphs numbered 424 – 458 (pp. 77 – 82), entitled "La. R.S. 14:89," should be stricken, as this group of allegations deal with the offense of sodomy, and "sting operations" resulting in charges of either obscenity or attempted crimes against nature (¶ 428). This group of allegations is also an attempt to establish that the City of Baton Rouge routinely enforces invalid statutes. These allegations have no connection whatsoever to plaintiff's claim for relief. The plaintiff was, on April 29, 2014, detained for the purpose of determining whether or not he would be identified by the victim of an armed robbery. The armed robbery statute is not unconstitutional, and plaintiff does not allege that it is. Thus, the allegations of these paragraphs have no connection to plaintiff's claim.

Defendants respectfully suggest that the allegations set forth in paragraphs numbered 459 – 515 (pp. 82 - 92) should be stricken from the complaint as they are not at all pertinent to plaintiff's claim. This group of allegations is entitled by the plaintiff as "The City of Baton Rouge's History of Discrimination." Plaintiff does not claim that his arrest of April 29, 2014, was in any way discriminatory. Plaintiff does not (at least so far as this writer can find) allege that his "arrest" on that date was because of his race or because he was a member of any suspect class.

The various allegations in this section of plaintiff's complaint describe such things as a 1953 bus boycott, a 1960 event at Southern University, a letter of 1976 from the United States Attorney General's Office with regard to employment practices of the fire and police department of Baton Rouge, and complaints by New Mexico police who worked with the Baton Rouge police department during the aftermath of Hurricane Katrina in 2005. These allegations have no pertinence to plaintiff's claim for relief as a result of what plaintiff claims to be an unlawful arrest on April 29, 2014.

Defendants respectfully submit that the allegations of plaintiff's complaint set forth in paragraphs numbered 516 – 524 (pp. 92 – 94) entitled "Defendants' Wrongful Conduct" should be stricken from the complaint.  These allegations deal directly with the plaintiff's arrest on October 13, 2012, and have absolutely nothing to do with plaintiff's arrest on April 29, 2014.  In paragraph number 524, plaintiff recklessly and without basis, accuses the defendants, including this writer, of committing no less than 20 criminal acts ranging from malfeasance in office to kidnaping.

Defendants submit that the allegations contained in paragraphs 528 through 552 (pp. 95 - 99), entitled "La. R.S. 14:134 (Malfeasance in Office)"  should be stricken because they complain of enforcement of invalid ordinances and statutes and thus refer to plaintiff's arrest in October of 2012, where the constitutionality of city ordinance 13: 95.3  was at issue.  Plaintiff's arrest in April 2014, the subject of the present matter, involved  armed robbery.  Plaintiff has not attacked the validity of that statute.  Thus the allegations contained within paragraphs 528 through 552 have no pertinence to plaintiff's present claim.  Paragraph 540, for example, specifically mentions ordinance 13:95.3, and paragraph 537 complains of police refusal to return seized firearms, a subject unrelated to plaintiff's present claim but important to Plaintiff's lawsuit based upon the 2012 arrest.

Defendants submit that the allegations contained in paragraphs 553 through 559 (pp. 99 - 100) should be stricken because those allegations simply complain about the parish attorney's office.  Plaintiff complains of assistant parish attorneys having private law practices and accuses those attorneys of  conflicts of interest.  Even were such allegations true, they would still be totally unrelated to plaintiff's present claim, as plaintiff was never charged or prosecuted in connection with his arrest in April of 2014.

11

Likewise, the allegations of paragraphs 560 through 564 (pp. 100 - 101) should be stricken because those allegations refer to plaintiff's 2012 arrest as they complain about enforcement of "invalid" ordinances.

Defendants submit that the allegations set out in paragraphs 565 through 600 (pp. 101 - 102)  should be stricken because they consist solely of criticism of the Baton Rouge police department, none of which is pertinent to plaintiff's claim.  For example, paragraph 583 complains that the police department has never taken advantage of training offered by the US Attorney's office. Paragraph 588 complains that the police department's alleged use of "force practices present a significant threat to the safety of plaintiff, the public in general, and officers of the BRPD, and create a substantial obstacle to strong community-police partnerships."  In paragraph 592, plaintiff complains that, "The City's and BRPD's failure to provide sufficient guidance, training, and support to officers within the BRPD, as well as their failure to implement systems to ensure officers are wielding their authority effectively and safely, have created an environment that permits and promotes constitutional harm," none of which has any relevance whatsoever to plaintiff's claim.

Plaintiff has attached to his complaint six exhibits consisting of 49 pages, only two exhibits which are in any way relevant to plaintiff's complaint.   Plaintiff's exhibits E and F contain police reports relative to the incident of April 29, 2014, but all other exhibits contain material that is irrelevant and not at all pertinent to plaintiff's claims.

Rule 8(a)(2) requires that the complaint be composed of "short and plain statement(s) of the claim."  Rule 12(f) provides that any allegation that is redundant, immaterial, not pertinent, or scandalous may be ordered stricken from the complaint.  Defendant suggests that plaintiff's complaint falls short on both counts.  Six hundred paragraphs to describe plaintiff's claim is hardly

short and plain.

With the possible exceptions of the allegations set out in paragraphs 1 thru 26 (pp. 1 - 26), and paragraphs 164 through 247 (Pp. 24 - 35) all others, up to 602 where plaintiff commences "Counts," are immaterial, impertinent and irrelevant to plaintiff's claim for relief.  As suggested at the outset, plaintiff's claim for relief is based solely upon the events of April 29, 2014.  While on that date, plaintiff was taken into custody for the purpose of identification, he was not incarcerated, and he was returned to his residence when an identification was not made (Exhibit E, p. 28 of plaintiff's exhibits).   Plaintiff was not arrested for, or charged with, any offense.  Thus, allegations concerning the parish attorney's office are irrelevant and totally impertinent.

Defendants submit that no evidence will be admissible in order to establish any of the allegations which are complained of in defendant's motion to strike.  Evidence is simply not admissible to prove matters which have no relevance or connection to the claims made in the suit. As stated by the court in *Tucker v. American International Group, Inc.*, 936 F. Supp. 2d  1, 16 ( D.C.Conn. 2013), citing *Lipsky v. Commonwealth United Corp, 551 F.2d 887,893 (1976)* "In deciding whether to [grant] a Rule 12 (f) motion on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible."

"Accordingly, motions to strike are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Nash v. O. R. Colan Group, LLC,* 2012 WL4338817 (S.D. Fla.)

Defendants submit that permitting these immaterial  allegations to remain will complicate trial of this matter and will prejudice defendants.  "The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw

'unwarranted' inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike. *Sanchez v. City of Fresno,* (E.D. California, 2012), 914 F. Supp. 2d 1079, 1123, citing *California Dept. of Toxic Substances Control,* 21 7 F. Supp. 2d 1028, 1033.

In the case at bar, plaintiff has requested trial by jury, so the likelihood of confusion is even greater than were this to be a bench trial.

But confusion is not the only prejudice caused by the great number of immaterial and impertinent allegations. If the motion to strike is denied, required discovery will be considerably greater than that normally necessary. Each allegation based upon "information and belief" will have to be explored to determine the source of that "information" and the source will have to be deposed. The time and cost involved in discovery, simply to prepare to defend allegations that are clearly impertinent will be excessive.

Denying the motion to strike will not resolve the issues involving admissibility of evidence, and those issues will have to be raised and decided by the Court, creating an additional unnecessary burden upon the Court. "The purpose of a Rule 12((f) motion is to avoid spending time and money litigating spurious issues." *Gallardo v. AT &T Mobility, LLC*, 937 F.Supp. 2d 1128, 1134 (N.D. Cal. 2013).

Plaintiff, by including most of the staff of the litigation division of the parish attorney's office as defendants, has created a false "conflict" between the parish attorney's office, the city, the police chief and the officer-defendants. If the allegations relative to the parish attorney's office are allowed to remain, it will likely become necessary to retain outside counsel to represent some of the defendants, an additional cost to the city.

Defendants respectfully submit that the allegations set out in paragraphs 27 through 163 (Pp. 6 - 24) and paragraphs 234 through 600 (Pp. 73 - 106) be ordered stricken from plaintiff's complaint.

**RESPECTFULLY SUBMITTED:**
**Lea Anne Batson**
**Parish Attorney**

**/s/Frank J. Gremillion**
**Frank J. Gremillion**
**In Proper Person**
**Bar Roll #6296**
**10500 Coursey Blvd, Suite 205**
**Baton Rouge, LA   70816**
**(225) 389-8730 - Telephone**
**(225) 389-8736 - Facsimile**
*In Proper Person*

**/s/Gwendolyn K. Brown**
**Gwendolyn K. Brown (#19891)**
**Senior Special Assistant Parish Attorney**
**10500 Coursey Blvd, Suite 205**
**Baton Rouge, LA   70816**
**(225) 389-8730 - Telephone**
**(225) 389-8736 - Facsimile**
*Attorney for The City of Baton Rouge,*
*Carl Dabadie, Jr., James Thomas,*
*Patrick Wenneman, and Jeremiah A. Ardoin*

**/s/Michael P. Schillage**
**Michael P. Schillage (#35554)**
**Assistant Parish Attorney**
**10500 Coursey Blvd, Suite 205**
**Baton Rouge, LA   70816**
**(225) 389-8730 - Telephone**
**(225) 389-8736 - Facsimile**
*Attorney for Lea Anne Batson*

15

**/s/Arthur Howell Andrews**
**Arthur Howell Andrews (#2480)**
**Special Assistant Parish Attorney**
**222 St. Louis Street, Room 902**
**Baton Rouge, LA 70802**
**(225) 389-3114 – Telephone**
**(225) 389-5554 – Facsimile**
*Attorney for Lisa Freeman*


**/s/Arlene C. Edwards**
**Arlene C. Edwards (#5280)**
**Assistant Parish Attorney**
**9427 Bluebonnet Blvd., Suite C**
**Baton Rouge, LA  70810**
**(225) 709-9000 – Telephone**
**(225) 709-9001 – Facsimile**
*Attorney for James L. Hilburn & Mary Roper*


**/s/Jonathan Holloway, Sr.**
**Jonathan Holloway Sr. (#35554)**
**Special Assistant Parish Attorney**
**10500 Coursey Blvd, Suite 205**
**Baton Rouge, LA  70816**
**(225) 389-8730 – Telephone**
**(225) 389-8736 – Facsimile**
*Counsel for Tedrick Knightshead*

16

**CERTIFICATE**

I hereby certify that a copy of the above and foregoing pleading was this date electronically filed with the Clerk of Court using the Court's CM/ECF system.  Notice of this filing will be sent to plaintiff's counsel, Mr. Karl J. Koch and Mr. Elliot Cassidy, by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 8th day of July, 2015.


/s/Frank J. Gremillion
Frank J. Gremillion