UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ERNEST TAYLOR                                    NO. 3:15-CV-00153-BAJ-RLB

VERSUS

CITY OF BATON ROUGE, ET AL            CIVIL ACTION

OMNIBUS MOTION
I.

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED
RULE 12(b)(6)

The city of Baton Rouge, Carl Dabadie, Jr., Mary E. Roper, Lisa Freeman, James L. Hilburn, Tedrick K. Knightshead, James Thomas, Patrick Wennemann, Jeremiah A. Ardoin, defendants, through their respective undersigned counsel, and Frank J. Gremillion, defendant, in proper person, respectfully suggest to the Court that plaintiff's complaint fails to state a claim upon which relief may be granted and should be dismissed. Specifically, movers suggest as follows:

I.

Defendants respectfully suggest to the Court that plaintiff's complaint should be dismissed in its entirety on the grounds that the complaint violates Rules 8(a)(2), 10(b) and 12(f) of the Federal Rules of Civil Procedure.

II.

1.

In count one of his complaint plaintiff seeks damages on the grounds that the defendants "...instituted and/or maintained a policy, practice or custom of aggressively pursuing individuals

-1-

who voiced complaints against officers of the BRPD...." Mover submits that plaintiff's allegations are purely conclusory and plaintiff offers no factual allegations to support his conclusion. Further, even were plaintiff's allegations correct, maintenance of a policy without an act that deprives plaintiff of a protected right does not constitute a violation of protected rights and is not a basis for relief. Plaintiff does not assert that any of the defendants performed any actions that deprived plaintiff of any right. Defendants respectfully suggest that count one should be dismissed as failing to state a claim.

2.

In count two of his complaint plaintiff alleges that defendants instituted a policy, practice or custom of condoning BRPD officers' routine engagement in unlawful searches and seizures pursuant to unenforceable provisions of law, but plaintiff's allegations that he was unlawfully arrested on April 29, 2014, do not include an allegation that the statutory basis of that arrest, armed robbery, is an unenforceable provision of law. Plaintiff does not assert any act by any defendant to enforce an unenforceable provision of law as applied to plaintiff on April 29, 2014. Further, plaintiff admits (paragraph 215 of complaint) that nothing was seized as a result of any search of plaintiff's residence or vehicle. Defendants respectfully move the Court to dismiss count two of plaintiff's complaint. Plaintiff has failed to allege any damage resulting from such search.

3.

In count three of his complaint plaintiff alleges that the defendants instituted and/or maintained a policy, practice, or custom of condoning BRPD officers' routine engagement in unlawful interrogation practices by failing to advise individuals of their rights under the Fifth

Amendment.  Plaintiff admits (paragraph 209 of complaint)  that he was advised of Miranda rights,  but  plaintiff does not allege that he was interrogated by any defendant on April 29, 2014, or at any other time, nor does he allege that any statement was elicited from plaintiff, or that he fears that any such statement may be used against him.   Plaintiff has failed to allege that he suffered any damages as a result of receiving Miranda warnings.  Defendants respectfully suggest that count three should be dismissed as failing to state a claim.

4.

In count four of his complaint plaintiff alleges that "the city of Baton Rouge, and its individual actors instituted and/or maintained a policy, practice, or custom of promoting, encouraging and/or condoning BRPD officers' routine use of discriminatory police tactics, selective enforcement of laws, and racist mentalities," but plaintiff does not allege or describe any actions on the part of any defendant that involve discriminatory police tactics, selective enforcement or "racist mentalities" in connection with plaintiff's arrest on April 29, 2014, or at any other time involving plaintiff.   Defendants respectfully move the Court to dismiss count four as failing to state a claim.

5.

In count five of his complaint plaintiff alleges that "Defendants Thomas, Wennemann, Ardoin, and/or John Doe #1 - #4 conspired to deter Taylor by force, intimidation, or threat, from further prosecution of his lawsuit against the City of Baton Rouge and certain of its actors in violation of 42 USC Section 1985(1),"  but plaintiff's allegations are purely conclusory and plaintiff fails to allege any facts to support that conclusion, and plaintiff fails to allege any damages resulting.

6.

In count six of his complaint plaintiff alleges that plaintiff is entitled to attorney fees, claiming that he has alleged and will prove deprivations of protected rights under 42 USC 1983, 1985 and 1986. Defendants suggest that since plaintiff has failed to state a claim upon which relief can be granted, plaintiff is not entitled to attorney fees, and defendants move the Court to dismiss count 6 on that basis.

7.

In count seven plaintiff claims that he is entitled to damages under the Louisiana Constitution, Article 1, Sections 3 and 9, but plaintiff admits that this claim is duplicitous to that alleged in count 4 ( paragraph 668).   Defendants suggest that count 7 should be dismissed on the grounds that it is a duplication of count 4 and is subject to the same objections made in paragraph II, 4, above.

8.

In count eight plaintiff claims to be entitled to damages pursuant to the Louisiana Constitution, Article I, section 5, and admits in paragraph 670 that the claim is duplicitous to that made in count two. Defendants suggest that count eight should be dismissed on the grounds that it is a duplication of the claim alleged in count 5 and is subject to the same objections made in paragraph II, 5, above.

9.

In count nine plaintiff claims damages pursuant to the Louisiana Constitution, Article 1, section 9, and admits that the claim is duplicitous to that alleged in count 1. Defendants suggest that count 9 should be dismissed as a duplication of that alleged in count 1, and is subject to the

same objections raised in paragraph II, 1, above.

10.

In count 10 plaintiff claims damages for his arrest and the seizure of his firearms on October 13, 2012.  Defendants suggest that this claim should be dismissed on the grounds that the claim is prescribed, and if not prescribed, is *res judicata*, as being the subject of plaintiff's lawsuit filed in the Middle District and entitled *Ernest Taylor v. City of Baton Rouge, et al,* number 13-579-BAJ-RLB,  all as admitted by plaintiff in paragraphs   3, 114, 118  and  119 of his complaint.

11.

In count eleven plaintiff claims damages under Article I, section 13 of the Louisiana Constitution, claiming that that article is a duplication of the Fifth Amendment to the U.S. Constitution and that this claim is a duplication of that made in count 3 of the complaint.   Since the only similarity between the two articles is the protection against self-incrimination, that must be the subject of plaintiff's claim in count eleven.  Defendant's suggest that since plaintiff admits being advised of his Miranda rights and does not allege that he made any statements, incriminating or otherwise, and fails to describe any damages suffered as a result, he fails to state a claim in count eleven and same should be dismissed.

12.

In count eleven plaintiff claims damages under the provisions of Louisiana tort law, claiming that "under the facts described above..." defendants are liable for assault, battery, excessive force, false arrest, false imprisonment and malicious prosecution, but there are no "facts described above" that create such liability.  Further, the Court would have jurisdiction of

state claims only as pendent to federal claims, and defendants submit that the complaint does not state any federal claims upon which relief may be granted and defendants suggest that the Court decline jurisdiction of those state claims.

Wherefore defendants pray that plaintiff's complaint be dismissed. Alternatively, and in the event that the Court should decline to dismiss the entire complaint, then defendants pray that counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12 be dismissed as failing to state claims upon which relief may be granted.

**BY ATTORNEYS:**
**Lea Anne Batson**
**Parish Attorney**

**/s/Frank J. Gremillion**
**Frank J. Gremillion**
**In Proper Person**
**Bar Roll #6296**
**10500 Coursey Blvd, Suite 205**
**Baton Rouge, LA   70816**
**(225) 389-8730 - Telephone**
**(225) 389-8736 - Facsimile**
*In Proper Person*

**/s/Gwendolyn K. Brown**
**Gwendolyn K. Brown (#19891)**
**Senior Special Assistant Parish Attorney**
**10500 Coursey Blvd, Suite 205**
**Baton Rouge, LA   70816**
**(225) 389-8730 - Telephone**
**(225) 389-8736 - Facsimile**
*Attorney for The City of Baton Rouge,*
*Carl Dabadie, Jr., James Thomas,*
*Patrick Wenneman, and Jeremiah A. Ardoin*

/s/Michael P. Schillage
**Michael P. Schillage (#35554)**
**Assistant Parish Attorney**
**10500 Coursey Blvd, Suite 205**
**Baton Rouge, LA   70816**
**(225) 389-8730 - Telephone**
**(225) 389-8736 - Facsimile**
*Attorney for Lea Anne Batson*


/s/Arthur Howell Andrews
**Arthur Howell Andrews (#2480)**
**Special Assistant Parish Attorney**
**222 St. Louis Street, Room 902**
**Baton Rouge, LA 70802**
**(225) 389-3114 - Telephone**
**(225) 389-5554 - Facsimile**
*Attorney for Lisa Freeman*


/s/Arlene C. Edwards
**Arlene C. Edwards (#5280)**
**Assistant Parish Attorney**
**9427 Bluebonnet Blvd., Suite C**
**Baton Rouge, LA   70810**
**(225) 709-9000 - Telephone**
**(225) 709-9001 - Facsimile**
*Attorney for James L. Hilburn & Mary Roper*


/s/Jonathan Holloway, Sr.
**Jonathan Holloway Sr. (#35554)**
**Special Assistant Parish Attorney**
**10500 Coursey Blvd, Suite 205**
**Baton Rouge, LA   70816**
**(225) 389-8730 - Telephone**
**(225) 389-8736 - Facsimile**
*Counsel for Tedrick Knightshead*

**CERTIFICATE**

I hereby certify that a copy of the above and foregoing pleading was this date electronically filed with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent to plaintiff's counsel, Mr. Karl J. Koch and Mr. Elliot Cassidy, by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 8th day of July, 2015.

/s/Frank J. Gremillion
Frank J. Gremillion