UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ERNEST TAYLOR                                              NO. 3:15-CV-00153-BAJ-RLB

VERSUS

CITY OF BATON ROUGE, ET AL                    CIVIL ACTION

* * * * * * * * * *
OMNIBUS MOTION
II.
ALTERNATIVE MOTION TO STRIKE
(FEDERAL RULES OF CIVIL PROCEDURE RULE 12 (f))

    The city of Baton Rouge, Carl Dabadie, Jr., Mary E. Roper, Lisa Freeman, James L. Hilburn, Tedrick K. Knightshead, James Thomas, Patrick Wennemann, Jeremiah A. Ardoin, defendants, through their respective undersigned counsel, and Frank J. Gremillion, defendant, in proper person, respectfully move the Court to strike from plaintiff's complaint certain allegations that are redundant, immaterial, impertinent and/or scandalous.

    Movers suggest that plaintiff's complaint, which contains 702 numbered paragraphs in 123 pages, plus 49 pages of "exhibits" is in violation of Rule 8(a)(2) of the Federal Rules of Civil Procedure requiring pleadings to be "a short and plain statement of the claim showing that the pleader is entitled to relief," and in violation of Rule 12(f) which requires that pleadings be material and pertinent.

    Plaintiff claims that in the late evening of April 29, 2014, and/or the early morning hours of April 30, 2014, in violation of his constitutional rights, and pursuant to a custom, policy or practice of the city of Baton Rouge, plaintiff was unlawfully arrested by Baton Rouge city police officers on a charge of armed robbery, and his residence was searched without warrant or

consent. Plaintiff maintains that these actions were the result of the officers' retaliation for plaintiff's having filed a lawsuit and an internal affairs complaint against the officers based upon plaintiff's arrest on October 13, 2012.

Movers respectfully suggest to the Court that of the 702 numbered paragraphs contained in plaintiff's complaint, approximately 502 are redundant, immaterial, impertinent and/or scandalous and should be stricken. Specifically, movers submit as follows:

1.

Movers suggest that the Court should strike those allegations set out in paragraphs numbered 27 through 101 (Pp. 6 through 15 of the complaint) as those allegations are completely unrelated and immaterial to the claim that plaintiff asserts. Those allegations describe an earlier arrest of the plaintiff during 2012, and which is the subject of plaintiff's complaint in that matter entitled "*Ernest Taylor v. The City of Baton Rouge, et al*," number 13-579 presently pending on the docket of this very court and described in paragraph 3 of plaintiff's complaint.

2.

Further, movers respectfully suggest that the Court strike those allegations numbered 101 through 163 (Pp. 15 through 24 of the complaint) as those allegations are irrelevant and immaterial to plaintiff's complaint because they simply assert (and argue) the unconstitutionality of Baton Rouge city ordinance section 13:95.3, an ordinance which plaintiff does not allege was the basis of his arrest in April of 2014.

3.

Movers respectfully suggest that the Court strike the allegations set out in paragraphs numbered 234 through 247 (Pp. 33 - 35 of the complaint) as those allegations simply describe

plaintiff's opinion of the operations and responsibilities of the parish attorney's office which allegations are not remotely pertinent to plaintiff's complaint because plaintiff does not allege that any charge was filed against plaintiff resulting from his encounter with police during April of 2014, and does not allege that the parish attorney's office played any part in that encounter.

4.

Movers respectfully suggest that the Court strike the allegations set out in paragraphs numbered 248 through 250 (Pp. 35 - 36) of the complaint as those paragraphs simply relate the dates upon which the Second, Fourth and Fourteenth Amendments to the U. S. Constitution and the 1974 Louisiana Constitution were adopted, and have no pertinence to plaintiff's claim for relief.

5.

Movers suggest that the Court strike the allegations set out in paragraphs numbered 251 through 258 (Pp. 36 - 37) as those allegations deal with the First Amendment right to free speech and to petition the government. Plaintiff does not allege any violation of these rights; thus the allegations are not pertinent to plaintiff's claim for relief.

6.

Movers respectfully suggest that the Court strike the allegations set out in paragraphs numbered 259 through 278 (Pp. 37 - 41) as those simply describe the progression of federal, state and local legislation relative to the possession of firearms. These allegations are not pertinent to plaintiff's claims because he does not allege that firearms played any part in his encounter with the police on April 29, 2014.

7.

Movers respectfully suggest that the Court strike the allegations set out in paragraphs numbered 279 through 301 (pp. 41 - 46). These allegations set out general legal propositions relative to the Fourth Amendment's requirement of warrant or probable cause for search. These paragraphs are mutually redundant and are in violation of Rule 10(b) in that they do not set out circumstances related to plaintiff's claim for relief.

8.

Movers respectfully suggest that the Court strike paragraph 302 through 304 (p. 46) as those allegations describe the law protecting against self-incrimination, a violation that plaintiff does not allege, and are thus not pertinent to plaintiff's claims.

9.

Movers respectfully suggest that the Court strike paragraphs 305 through 310 (pp. 46 - 48), as those paragraph deal with the right to equal protection, a violation that plaintiff does not claim. Thus, the allegations are not pertinent.

10.

Movers respectfully suggest that the Court strike the allegations set out in paragraphs 311 through 318 (pp. 48 - 49) as these allegations are not pertinent and do not describe circumstances relative to plaintiff's claim for relief. Paragraphs 311 through 318 quote four articles of the Louisiana Code of Criminal Procedure dealing with arrest, and quote three sections of the Louisiana Highway Regulatory Act dealing with traffic stops. These matters are not pertinent to plaintiff's claim that he was improperly arrested at his residence on a charge of armed robbery. Paragraph 318 alleges that under Louisiana law one may lawfully resist an unlawful arrest. This

allegation is not pertinent to plaintiff's claim because plaintiff does not claim that he was charged with resisting arrest on April 29, 2014.

11.

Movers suggest that the Court strike the allegations set out in paragraphs 319 through 355 (pp. 49 - 66). The allegations contained in those paragraphs do not describe any fact or circumstance in any way related to plaintiff's claim for relief, and are not pertinent to anything. Those paragraphs are entitled, in plaintiff's complaint, "Recognition of National and Regional Problems and Recommendations for Reform," and describe President Lyndon Johnson's special message to Congress on law enforcement made during the 1960s, and quotes many statements from the report of the task force created; sets out the ABA Standards for Urban Police Function, etc. and concludes by reproducing several of the Louisiana Rules of Professional Conduct.

12.

Movers suggest that the Court strike the allegations set out in paragraphs 356 through 364 (pp. 66 - 68) on the grounds that the Department of Justice's investigation of the New Orleans police department is not pertinent to plaintiff's claim for relief.

13.

Movers suggest that the Court strike the allegations set out in paragraphs numbered 365 through 381 (pp. 68 - 71) as impertinent to plaintiff's claim for relief and not setting forth any circumstances related to plaintiff's claim. These allegations simply argue that there are out-dated laws on the books, but do not allege that plaintiff's claim is based upon any out-dated law.

14.

Movers respectfully suggest that the allegations set out in paragraphs 382 through 410 (pp. 71 through 75) be stricken. In these 28 paragraphs plaintiff describes, among other things, creation of a police task force, creation of a "violent crimes unit," city code ordinance 13:95.3, creation of a "BRAVE" unit, and policies of the city prosecutor's office, none of which are material or pertinent to plaintiff's claim for relief.

15.

Movers suggest that the Court strike the allegations set out in paragraphs numbered 411 through 423 (pp. 75 - 77) as those allegations deal with La. R.S. 14:47, dealing with criminal defamation, a violation of which plaintiff does not allege that he was charged, and thus those allegations are impertinent and immaterial.

16.

Movers suggest that the Court strike the allegations set out in paragraphs numbered 424 through 458 (pp. 77 through 82) dealing with La. R.S. 14:89, prohibiting sodomy, on the grounds that plaintiff does not allege that he was charged with that offense and thus the allegations are not pertinent to plaintiff's claim for relief.

17.

Movers suggest that the Court strike the allegations set out in paragraphs numbered 459 through 515 (pp. 82 through 92). This group of allegations is entitled, "The City of Baton Rouge's History of Discrimination." These allegations are not pertinent to plaintiff's claim because plaintiff has not alleged that the events of April 29, 2014, involved discrimination, but were motivated by a desire to discourage further legal action.

18.

Movers suggest that the Court strike the allegations set out in paragraphs numbered 516 through 524 (Pp. 92 through 106). These allegations, which are all under the heading "Defendants' Wrongful Conduct," accuse all of the defendants of having committed crimes by violating no less than twenty criminal statutes, including malfeasance. None of the allegations mention the incident of April 29, 2014, but refer to the incident of October 13, 2012. These allegations are not pertinent and are immaterial and scandalous.

19.

Movers suggest that the Court strike the allegations set out in paragraphs numbered 528 - 552 (Pp. 95 -599) as those allegations those allegations simply accuse defendants of enforcing invalid statutes and ordinances, and are not pertinent because plaintiff has alleged no such conduct in his claim.

20.

Movers respectfully suggest that the Court strike the allegations set out in paragraphs numbered 553 through 559 (pp. 99 - 100) as they complain that assistant parish attorneys maintain private practices and ignore conflicts of interest. These allegations are not pertinent or material to plaintiff's claim.

21.

Movers suggest that the Court strike the allegations set out in paragraphs numbered 560 through 564 (pp. 100 - 101). The allegations contained in these paragraphs are not pertinent to plaintiff's claim for damages. Additionally those paragraphs accuse defendants Roper, Freeman, Batson, and Gremillion of improperly prosecuting individuals for financial gain, and are both

baseless and scandalous. Additionally, the allegations are impertinent because plaintiff was not prosecuted as a result of the incident of April 29, 2014, and has not alleged that he was prosecuted. These paragraphs are additionally scandalous because they, without basis, accuse Police Chief Dabadie of intentionally creating an unlawful policy of encouraging his officers to violate the law.

22.

Movers suggest that the Court strike the allegations set out in paragraphs numbered 565 through 600 (pp.101 -102). These allegations are simply general complaints about the police department and have no connection to plaintiff's claim, and are not pertinent to the events of April 29, 2014.

23.

Movers respectfully suggest that the Court strike Exhibit A attached to plaintiff's complaint as pages 2 of 49 through 14 of 49 as that exhibit consists of police reports and a copy of the bill of information relative to plaintiff's arrest on October 13, 2012, and is not pertinent to plaintiff's claim for relief.

24.

Movers respectfully move the Court to strike Exhibit B attached to plaintiff's complaint as pages 16, 17, and 18 of 49, as these three documents are receipts evidencing his purchase of the firearms that were the subject of plaintiff's claim in *Ernest Taylor v. City of Baton Rouge, et al,* #13-579 -BAJ-RLB, presently pending in the United States District Court for the Middle District of Louisiana, and are entirely immaterial to plaintiff's claim in the present matter.

25.

Movers respectfully suggest that the Court strike Exhibit C, pages 20 and 21 of 49 attached to plaintiff's complaint. The document is a copy of an order issued by the City Court dismissing criminal charges brought against plaintiff resulting from his arrest on October 13, 2012, and have no relevance or pertinence to plaintiff's present claim.

26.

Movers respectfully move the Court to strike Exhibit F, attached to plaintiff's complaint as pages 31 through 48 of 49. This exhibit contains complaints against various officers of the Baton Rouge Police Department made by several officers of the New Mexico police while the latter were assisting officers following Hurricane Katrina during 2005. Those letters were of events that occurred some nine years prior to plaintiff's arrest on April 29, 2014, and do not mention any defendant named by plaintiff in the present matter; they do not make any reference to retaliation or attempts to prevent legal action, and thus are completely immaterial and irrelevant to plaintiff's present claim.

Wherefore, movers respectfully pray that the Court order that the allegations set out in paragraphs 27 through 163 (pp. 6 - 24) and paragraphs 234 through 600 (pp. 73 - 106) be stricken from plaintiff's complaint.

        **BY ATTORNEYS:**
        **Lea Anne Batson**
        **Parish Attorney**

        /s/Frank J. Gremillion
        **Frank J. Gremillion**
        **In Proper Person**
        **Bar Roll #6296**
        **10500 Coursey Blvd, Suite 205**
        **Baton Rouge, LA   70816**
        **(225) 389-8730 - Telephone**
        **(225) 389-8736 - Facsimile**
        *In Proper Person*

/s/Gwendolyn K. Brown
**Gwendolyn K. Brown (#19891)**
**Senior Special Assistant Parish Attorney**
**10500 Coursey Blvd, Suite 205**
**Baton Rouge, LA   70816**
**(225) 389-8730 - Telephone**
**(225) 389-8736 - Facsimile**
*Attorney for The City of Baton Rouge,*
*Carl Dabadie, Jr., James Thomas,*
*Patrick Wenneman, and Jeremiah A. Ardoin*


/s/Michael P. Schillage
**Michael P. Schillage (#35554)**
**Assistant Parish Attorney**
**10500 Coursey Blvd, Suite 205**
**Baton Rouge, LA   70816**
**(225) 389-8730 - Telephone**
**(225) 389-8736 - Facsimile**
*Attorney for Lea Anne Batson*


/s/Arthur Howell Andrews
**Arthur Howell Andrews (#2480)**
**Special Assistant Parish Attorney**
**222 St. Louis Street, Room 902**
**Baton Rouge, LA 70802**
**(225) 389-3114 - Telephone**
**(225) 389-5554 - Facsimile**
*Attorney for Lisa Freeman*


/s/Arlene C. Edwards
**Arlene C. Edwards (#5280)**
**Assistant Parish Attorney**
**9427 Bluebonnet Blvd., Suite C**
**Baton Rouge, LA   70810**
**(225) 709-9000 - Telephone**
**(225) 709-9001 - Facsimile**
*Attorney for James L. Hilburn & Mary Roper*

        /s/Jonathan Holloway, Sr.
        **Jonathan Holloway Sr. (#35554)**
        **Special Assistant Parish Attorney**
        **10500 Coursey Blvd, Suite 205**
        **Baton Rouge, LA   70816**
        **(225) 389-8730 - Telephone**
        **(225) 389-8736 - Facsimile**
        *Counsel for Tedrick Knightshead*

## CERTIFICATE

I hereby certify that a copy of the above and foregoing pleading was this date electronically filed with the Clerk of Court using the Court's CM/ECF system.  Notice of this filing will be sent to attorneys for plaintiff, Karl J. Koch and Elliot Cassidy, by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 8th day of July, 2015.


        /s/Frank J. Gremillion
        Frank J. Gremillion