UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ERNEST TAYLOR | CIVIL ACTION |
| VERSUS | |
| THE CITY OF BATON ROUGE, ET AL | NO.: 3:15-CV-00153-BAJ-RLB |

**PLAINTIFF'S OPPOSITION TO
MOTION TO DISMISS AND
ALTERNATIVE MOTION TO STRIKE**

NOW BEFORE THE COURT comes Plaintiff, Ernest Taylor, by and through undersigned counsel, and submits the following memorandum in opposition to the Motion to Dismiss and the Alternative Motion to Strike filed by the Defendants in this matter.

The Plaintiff is in the somewhat unusual position of partially agreeing with the Defendants to the extent that the Defendants have argued that the Complaint in this case is overbroad and includes matters which should be removed and that the Plaintiff should be given an opportunity to amend his Complaint. Undersigned counsel did not prepare or file this Complaint. The Plaintiff recognizes that the Complaint includes certain matters which, while historically relevant, are either too far removed in time from the events which form the basis of the Plaintiff's claim or otherwise lack a sufficiently direct connection to the Plaintiff's claims such that they should be removed from the Complaint – the 1953 bus boycott, for example, is an important historical fact regarding the treatment of African-Americans by the City of Baton Rouge, however it may be too far removed in time and separated by too many intervening events to be considered reasonably relevant in this case. Undersigned counsel does not mean to criticize the

drafter of this Complaint for his decision to include these facts, but practical considerations and the need to present a more focused case require that the Complaint be amended to remove some of these things.

The Plaintiff therefore requests that the Court withhold ruling on the Defendants' motions and direct the Plaintiff to file an Amended Complaint within a reasonable period of time, after which time the Defendants could withdraw or supplement their motions as they see fit. The Plaintiff suggests that the Court should not be asked to go through the existing Complaint and separate the wheat from the chaff in light of the Plaintiff's recognition that the Complaint should be amended.

If the Court is inclined to enter an Order as requested by the Plaintiff above, which appears to be consistent with the ultimate relief requested by the Defendants, then further argument by the Plaintiff regarding the scope of the Complaint may be considered to be premature. However, the Plaintiff does wish to provide the following comments regarding the anticipated contents of an Amended Complaint in this matter.

First, the Plaintiff disagrees with the Defendants' attempt to characterize this case as dealing only with the events surrounding the Plaintiff's second unlawful detention. The matter of whether the Plaintiff's damages arising out of his earlier arrest in October, 2012 would be determined in this caption or in the first-filed suit was discussed in the last conference with the Court. Beyond this, as Defendants correctly anticipated in their memorandum, the Plaintiff has alleged that his 2014 unlawful arrest was motivated in part by the police officers' desire to retaliate against him for his assertion of his rights in connection with the 2012 incident. The Defendants attempt to slice things too thinly by arguing that the Plaintiff is actually claiming retaliation for his

filing of the earlier lawsuit rather than the earlier arrest – the arrest and the Plaintiff's earlier lawsuit are obviously factually connected, and the Plaintiff is entitled to allege the repeated deprivation of his rights.  Incidentally, contrary to the Defendants' argument those damages claims have not prescribed, as prescription was interrupted by the filing of the prior suit by the Plaintiff.  Nor does *res judicata* prevent this claim from being asserted in this lawsuit, as the Plaintiff's damages have yet to be determined.

The Plaintiff also disagrees with the Defendants' argument regarding the Complaint's allegations regarding the prior activities of the City and its officials.  The issue is whether the Plaintiff's allegations regarding the City's history of discriminatory enforcement of its ordinances, discriminatory treatment of minority arrestees and defendants, the continued enforcement of statutes long after they have been declared unconstitutional, and the like are properly a part of this case.  As to the City of Baton Rouge, the Plaintiff has the burden of proving a constitutional violation by the municipality itself as required by *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978), which requires as to the municipality that the Plaintiff prove that the moving force in causing his injuries was the official policy of the municipality.  As the Court is aware, the law recognizes that in addition to officially adopted policies of the municipality in the form of policy statements, ordinances, regulations, or decisions officially adopted and promulgated by the municipality's lawmaking officers or by officials to whom the lawmakers have delegated policy-making authority, the municipality is also liable for injuries caused by constitutional violations resulting from "A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled

as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). Evidence regarding the prior activities of the police department which are so pervasive and common as to achieve the status of "custom," if the municipality is shown to have actual or constructive notice of these activities, is sufficient for the Plaintiff to prove this element of his cause of action. Therefore, the Defendants are incorrect in their argument that these prior activities by the police department are not relevant in this case. If in 2005 a source as credible as the New Mexico State Police informed the City of Baton Rouge that its police officers were routinely making illegal entry into private residences and conducting stops and arrests without probable cause, this fact (along with others) is relevant to both the issue of the custom and the municipality's actual notice regarding the ongoing behavior. These facts may not be pleasant to talk about, but the Plaintiff is entitled to introduce evidence to prove the municipality's liability based upon its unofficial customs which have risen to the level of official policy, and the actual or constructive knowledge of its policymaking officials regarding these activities.

Finally, the Plaintiff's allegations regarding the prior activities by the Parish Attorney's Office and the Metropolitan Council are relevant to this case. As alleged in the Complaint, officials with the Parish Attorney's Office have specifically addressed the need for the removal from the Code of Ordinances of certain laws which have been determined to be unconstitutional. The Complaint alleges facts regarding the Council's refusal to comply with this advice followed by the police department's continued enforcement of the unconstitutional ordinance. These factual allegations go to the municipality's custom and its actual knowledge of the matter – evidentiary facts which

the Plaintiff will use to satisfy his burden of proof regarding municipal liability.

With all of that said the Plaintiff has not here attempted to justify each paragraph of the existing Complaint, recognizing that the relief requested in the first paragraph of the Defendants' Memorandum in Support of Motion to Dismiss is to dismiss the complaint but to give the Plaintiff an opportunity to amend.  Plaintiff instead requests that the Court defer ruling on the Defendants' motions and allow him an opportunity to file an amended complaint within a reasonable period of time, which Plaintiff suggests will resolve at least some of the objections of the Defendant and thereby narrow any remaining issues for the Court's consideration.

WHEREFORE, PLAINTIFF PRAYS that the Court defer ruling on the Defendants' Motion to Dismiss and Alternative Motion to Strike and direct that the Plaintiff file an Amended Complaint within a reasonable period of time to be set by the Court.

**Respectfully Submitted**,

/s/ Karl J. Koch
**KARL J KOCH (#17010)**
P.O. Box 359
Baton Rouge, LA 70821
Tel: (225) 223-6215
Fax: (225) 612-6412

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served on all counsel of record via the ECF system, this 3rd day of August, 2015.

/s/ Karl J. Koch