UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ERNEST TAYLOR                                        CIVIL ACTION

VERSUS

CITY OF BATON ROUGE, ET AL                NO: 3:15-CV-00153-BAJ-RLB

DEFENDANTS' MEMORANDUM
IN REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTIONS TO DISMISS AND STRIKE

TO THE HONORABLE CHIEF JUDGE:

      This Memorandum is being filed on behalf of defendants, City of Baton Rouge, Carl Dabadie, Jr., Mary E. Roper, Lea Anne Batson, Lisa Freeman, James L. Hilburn, Tedrick K. Knightshead, James Thomas, Patrick Wennemann, Jeremiah A. Ardoin, and Frank J. Gremillion.

      Plaintiff has requested the Court to defer ruling on defendants' motions to dismiss and strike, and to direct the plaintiff to amend his complaint. Defendants respectfully oppose this suggestion.

      Were the motion to strike the only pending motion, plaintiff's suggestion would be reasonable. However, the motion to strike is an alternative motion. The primary motion filed by defendants is the motion to dismiss the twelve counts of plaintiff's complaint on the grounds that each fails to state a claim upon which relief may be granted. Defendants' motion to strike is alternative to that motion. That is, defendants request that should the Court decline to dismiss all of the counts of the complaint, then defendants request that the Court strike those allegations specified in the motion to strike and, should the Court feel it appropriate, permit plaintiff to amend in order to make the complaint answerable.

Plaintiff's suggestion would leave the motion to dismiss unresolved and effectively dismissed, thereby denying defendants' the right to contest the validity of plaintiff's complaint.

Defendants suggest that without contradicting the allegations already made, no amendment to the complaint would save the claims set out in counts 1 through 12, and defendants desire an opportunity to dispose of those claims without having to do it all over again.

Count one alleges deprivation of plaintiff's right to petition for redress of grievances, yet, and as pointed out in the memo to the motion, plaintiff has not lost that right. Similarly, count two complains of an unauthorized search and seizure, but plaintiff admits that nothing was seized and fails to allege damages. Count three complains of failure to warn plaintiff of his Miranda rights, yet plaintiff admits that he was so warned, and fails to allege any incriminating statement. Count four complains of racial or other class-based discrimination, but plaintiff maintains that the motive for his arrest was retaliation. Count five describes an alleged conspiracy to deprive plaintiff of his right to seek redress, but plaintiff fails to allege any loss of that right and claims no damages caused by any act resulting from a conspiracy. Count six is merely a request for attorney fees, and counts seven through twelve are duplication of the preceding counts but based upon state law, and are pendent to the first six counts.

In other words, in order to amend to save the counts, plaintiff will have to plead that he did not file the present lawsuit; that some evidence was seized; that he was not "Mirandized;" that the motive for his arrest was not retaliation, but racial discrimination, and so on. Obviously, plaintiff will not make such allegations as such would contradict those already made, so permitting amendment of the counts would be pointless.

Defendants have objected to inclusion of plaintiff's arrest during 2012 as a basis of a claim for relief on the grounds of prescription and res judicata, and plaintiff has responded by asserting that the claim has neither prescribed nor is res judicata. Plaintiff is correct in that claims arising from the 2012 arrest are not technically res judicata. That is, not yet, because the judgment in 13:579-BAJ-RLB is not final, since it is awaiting an award of damages. Defendants' claim of res judicata was based upon the Court's having transferred this matter from another section of court for the sake of judicial economy, the present section being familiar with prior proceedings. Defendants were of the opinion, perhaps misplaced, that the Court would be in a position to take judicial notice of what had transpired earlier in suit number 13:579 with regard to the affair of 2012, and avoid unnecessary repetition, and that the Court could take judicial notice that the Court has already declined plaintiff's request to be allowed to amend the earlier complaint.

Thus, as a practical matter, any claims that plaintiff had against these defendants arising from the October 2012 arrest are res judicata because plaintiff could have brought those claims in suit number 13:579 but failed to do so, and the court has denied plaintiff's request to add those claims and parties.

Defendants suggest that the court's previous denial of plaintiff's request to amend amounts as a practical matter to a final determination. "... it is black-letter law that *res judicata*, by contrast to narrower doctrines of issue preclusion, bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication" (emphasis in original) (*Nilson v. City of Moss Point,* 701 F.2d 556, 560, (5th Cir. 1983) citing *Allen v. McCurry,* 449 U.S. 90.94, 101 S. Ct. 411,414, 66 L. Ed. 2d 308 (1980).

Further, in that suit plaintiff named as defendants the city of Baton Rouge, police chiefs Dabadie and White, parish attorneys Roper and Freeman, police officers Wennemann, Thomas and Jane Doe, all of whom are also named as defendants in the present matter. Thus, by including his claims arising from the October 2012 arrest against these defendants, plaintiff has impermissibly duplicated his pleadings, and he now has two claims pending in the same court arising from the same transaction. A plaintiff may not file duplicative complaints in order to expand his legal rights (*Curtis v. Citibank, N.A.,* 226 F.3d 333 (2nd Cir. 2000). Defendants suggest that Plaintiff's position, set out in his opposition to the motion to dismiss, amounts to claim splitting. Plaintiff argues that by filing the earlier suit, he has interrupted prescription and may now file a new suit against the same defendants based upon the same occurrence, and may add additional defendants whom he could have joined in the first suit. In order to add additional claims or defendants the proper procedure would be to file an amendment to the original suit, a request which the Court has already denied.

If plaintiff is allowed to assert in the present matter claims arising from the October 2012 arrest, plaintiff will have been able to avoid the Court's earlier denial of plaintiff's request to amend the complaint in number 13:579.

Defendants respectfully submit that the Court should dismiss the twelve counts set out in plaintiff's complaint; and, should the Court decline to dismiss all twelve counts, that the court strike those allegations set out in defendants' motion to strike.

RESPECTFULLY SUBMITTED:
Lea Anne Batson
Parish Attorney

/s/Frank J. Gremillion
Frank J. Gremillion
In Proper Person
Bar Roll #6296
10500 Coursey Blvd, Suite 205
Baton Rouge, LA   70816
(225) 389-8730 - Telephone
(225) 389-8736 - Facsimile
*In Proper Person*


/s/Gwendolyn K. Brown
Gwendolyn K. Brown (#19891)
Senior Special Assistant Parish Attorney
10500 Coursey Blvd, Suite 205
Baton Rouge, LA   70816
(225) 389-8730 - Telephone
(225) 389-8736 - Facsimile
*Attorney for The City of Baton Rouge,*
*Carl Dabadie, Jr., James Thomas,*
*Patrick Wenneman, and Jeremiah A. Ardoin*


/s/Michael P. Schillage
Michael P. Schillage (#35554)
Assistant Parish Attorney
10500 Coursey Blvd, Suite 205
Baton Rouge, LA   70816
(225) 389-8730 - Telephone
(225) 389-8736 - Facsimile
*Attorney for Lea Anne Batson*

/s/Arthur Howell Andrews
Arthur Howell Andrews (#2480)
Special Assistant Parish Attorney
222 St. Louis Street, Room 902
Baton Rouge, LA 70802
(225) 389-3114 - Telephone
(225) 389-5554 - Facsimile
*Attorney for Lisa Freeman*


/s/Arlene C. Edwards
Arlene C. Edwards (#5280)
Assistant Parish Attorney
9427 Bluebonnet Blvd., Suite C
Baton Rouge, LA   70810
(225) 709-9000 - Telephone
(225) 709-9001 - Facsimile
*Attorney for James L. Hilburn & Mary E. Roper*


/s/Jonathan Holloway, Sr.
Jonathan Holloway Sr. (#26340)
Special Assistant Parish Attorney
10500 Coursey Blvd, Suite 205
Baton Rouge, LA   70816
(225) 389-8730 - Telephone
(225) 389-8736 - Facsimile
*Attorney  for Tedrick K. Knightshead*

CERTIFICATE

I hereby certify that a copy of the above and foregoing pleading was this date electronically filed with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent to attorneys for plaintiff, Karl J. Koch and Elliot Cassidy, by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 12th day of August, 2015.

/s/Frank J. Gremillion
Frank J. Gremillion