UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

ERNEST TAYLOR                                              CIVIL ACTION

VERSUS

THE CITY OF BATON ROUGE, ET AL          NO.: 3:15-CV-00153-BAJ-RLB

STATUS REPORT

A.  JURISDICTION.

Plaintiff contends that this Court has jurisdiction based upon 28 USC § 1331 (federal question), 28 USC § 1343 (civil rights jurisdiction), 28 USC § 2201 (declaratory judgments) and 28 USC § 2202 (enforcement of declaratory judgments).  The Court has supplemental jurisdiction over the state law claims contained in the Complaint.

The Defendants contend that there is no federal question or diversity jurisdiction.

B.  BRIEF EXPLANATION OF THE CASE.

1.  Plaintiff claims:  This case involves two separate arrests of Plaintiff Ernest Taylor, in October, 2012 and April, 2014 which resulted in the deprivation of Plaintiff's rights guaranteed by federal and state law.  The arrest occurring in October, 2012 was made pursuant an unconstitutional ordinance of the City of Baton Rouge, which any reasonable attorney and/or police officer would have known violated Plaintiff's rights, and was therefore unenforceable.  Despite this fact, attorneys employed by the City of Baton Rouge instituted and/or maintained a criminal prosecution of Mr. Taylor for engaging in constitutionally protected behavior.  The arrest in April, 2014 was performed by the same officer of the Baton Rouge Police Department involved in the first arrest in retaliation against

Mr. Taylor for actions he took to vindicate his rights in connection with the arrest in October, 2012. During the course of both arrests, the officers involved engaged in unconstitutional police procedures that disregarded Plaintiff's civil rights, and which caused Mr. Taylor to suffer damages.

The harms visited upon Mr. Taylor by individuals acting on behalf of the City of Baton Rouge were the result of the City and its Policymakers' failure to adequately train employees in constitutional policing and prosecution practices. The Baton Rouge Police Department, through its Chief, encouraged officers to engage in unconstitutional practices by maintaining a policy of enforcing all laws that were "on the books," even where such laws were known to be unenforceable. In addition, the Baton Rouge Chief of Police, Parish Attorney, and City Prosecutor had insufficient measures in place to ensure that individuals were not arrested and/or prosecuted under unenforceable provisions of law, and failed to take action when placed on notice that unconstitutional arrests and prosecutions were occurring. Plaintiff seeks relief in the form of monetary damages for the damages he sustained from the unlawful arrests, his unlawful prosecution, in addition to attorney's fees.

2. Defendants' claims: Officers Ardoin and Thomas claim that plaintiff's detention was for the purpose of determining whether plaintiff was in fact that person whom the victim alleged had committed the offense reported, and was not a formal arrest, and that the detention was based upon probable cause. Defendants claims that the detention did not cause any damages to plaintiff and did not deprive plaintiff of any federally protected right within the meaning of 42

USC 1983.

Defendants also contend that the plaintiff's allegations against the remaining defendants are factually wrong, and no such policies exist, and no defendant other than Thomas and possibly Ardoin were involved in plaintiff's detention.

**C.   PENDING MOTIONS.**

The Plaintiff has filed a motion to amend the Complaint which is pending, however the Plaintiff anticipates withdrawing that motion and the Court has set a deadline of Friday, October 30 for the Plaintiff to do so.  Should the Plaintiff not withdraw his motion to amend, the Defendants have offered to consent to the amendment if the Plaintiff will dismiss with prejudice those Defendants who are not named in the amended complaint.

The Defendants have filed a motion to dismiss and an alternative motion to strike.  Both are pending.

**D.   ISSUES.**

1.   The Plaintiff suggests that the following legal issues are in dispute:  The primary issue in this case is whether the City of Baton Rouge and its individual actors violated Plaintiff's civil rights by engaging in unconstitutional police and prosecution practices.  In addition, it must be determined whether the unconstitutional actions taken by the City of Baton Rouge were made pursuant to policies, customs, or procedures employed by the City's policymakers.  Also to be determined is the monetary value of the damages sustained by Plaintiff as a

result of Defendants' unconstitutional actions, along with the amount of attorney's fees to which he is due.

2. The Defendants submit that the following legal issues are in dispute:

   a) The pending motions raise the issues of immaterial allegations in the motion to strike, and the motion to dismiss raises the issue of failure to state a claim upon which relief may be granted.

   b) Jurisdiction.

   c) Probable cause for plaintiff's detention.

   d) Whether plaintiff's detention amounted to a deprivation of a federally protected right.

   e) Whether plaintiff's state claims are supplemental claims subject to the Court's jurisdiction.

   f) Whether plaintiff suffered any compensable damages and, if so, the value thereof.

**E. DAMAGES.**

1. Plaintiff's calculation of damages:  The amount of Plaintiff's monetary damages will be established through discovery and at the trial of this matter.

2. Defendants' calculation of offset and/or plaintiff's damages: Defendants submit that Plaintiff suffered no compensable damages as a result of any actions of the Defendants.

**F. SERVICE.**

There are no unresolved issues as to waiver or service of process, personal

jurisdiction, or venue.

**G.     DISCOVERY.**

1.     The initial disclosures required under FRCP 26(a)(1) have **NOT** been completed.

2.     No discovery has been completed, and no discovery is in progress.

3.     The parties do not anticipate the need for any protective orders or other limitations in discovery.

4.     At the present time, neither party anticipates presenting expert testimony in this case.

**H.     PROPOSED SCHEDULING ORDER.**

1.     Exchanging initial disclosures required by FRCP 26(a)(1): October 30, 2015.

2.     Recommended deadlines for amending the complaint, or adding new parties, claims, counterclaims or cross claims: February 29, 2016.

3.     Filing all discovery motions and completing all discovery except experts: January 29, 2016.

4.     Disclosure of identities and resumes of expert witnesses: February 15, 2016.

5.     Exchange of expert reports: February 15, 2016.

6.     Completion of discovery from experts: March 18, 2016.

7.     Filing dispositive motions and Daubert motions: April 15, 2016.

8.     All remaining deadlines and the pre-trial conference and trial date are as set forth in the Court's general order.

The above dates are submitted based upon the assumption that the court will rule on the defendants' motions within the next two weeks.  Without knowing the final format of

the complaint, discovery cannot commence and the deadlines may or may not be appropriate given the court's upcoming rulings.  Thus, the defendants would request that they be permitted to seek leave to amend the deadlines should the court not rule within the next two weeks' time.

**I.     TRIAL.**

A demand for trial by jury has been made.  The Plaintiff estimates that the trial will require 3 days; the Defendants estimate that the trial will require 2 days.

**J.     OTHER MATTERS.**

Defendants suggest that the pending motions be discussed at the scheduling conference.

**K.     SETTLEMENT.**

No settlement attempts have been made.  Defendants suggest that a settlement conference may be helpful, but would be premature until the pending motions have been disposed of and the parties have had an opportunity to discuss settlement.

**L.     CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE.**

All parties do not agree to proceed before a United States Magistrate Judge.

Report Dated October 22, 2015                    **Respectfully Submitted**,

　　　　　　　　　　　　　　　　　　　　　　    /s/ Karl J. Koch
　　　　　　　　　　　　　　　　　　　　　　**KARL J KOCH (#17010)**
　　　　　　　　　　　　　　　　　　　　　　P.O. Box 359
　　　　　　　　　　　　　　　　　　　　　　Baton Rouge, LA 70821
　　　　　　　　　　　　　　　　　　　　　　Tel: (225) 223-6215
　　　　　　　　　　　　　　　　　　　　　　Fax: (225) 612-6412
　　　　　　　　　　　　　　　　　　　　　　Email: **karl@kochlawyer.com**

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing pleading has been served on all counsel of record via the court's Electronic Filing System, this 22nd day of October, 2015.

                                                          /s/ Karl J. Koch