IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ERNEST TAYLOR | § | CIVIL ACTION |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| THE CITY OF BATON ROUGE, ET AL. | § | NO. 15-00153-BAJ-RLB |
| | § | |
| Defendants. | § | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO WITHDRAW PLAINTIFF'S MOTION TO AMEND COMPLAINT**

**I.   INTRODUCTION**

Plaintiff filed the Original Complaint in this matter on March 13, 2015, seeking relief for damages he sustained as a result of two unlawful arrests occurring in 2012 and 2014. Subsequently, Defendants moved to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12, or in the alternative, to strike certain allegations appearing in Plaintiff's Complaint, citing various provisions of the Federal Rules of Civil Procedure.  After first responding to the Motions to Dismiss/Strike filed by Defendants, Plaintiff filed a Motion to Amend the Complaint, removing numerous allegations that appeared in the Complaint as originally filed.  As the proposed amended complaint omits numerous allegations vital to Plaintiff's claims as a result Plaintiff's former counsel's misapprehension of the procedural posture of the claims at issue, Plaintiff respectfully requests that he be permitted to withdraw the Motion to Amend Complaint that currently remains pending before the Court.

**II.   PROCEDURAL HISTORY**

On March 13, 2015, Plaintiff filed the original complaint in this matter alleging violations

1

of rights guaranteed to him by the United States Constitution and various provisions of Louisiana law. [Doc. 1]. Among other actions of Defendants, at issue in the Original Complaint were two arrests – one occurring in October, 2012, and another occurring in April, 2014 – along with Plaintiff's criminal prosecution resulting from his arrest in 2012. *See id.* at 6-32. Plaintiff had previously brought suit with respect to the claims arising from the October, 2012 arrest and prosecution in a separate suit, *Taylor v. City of Baton Rouge, et al.,* No. 3:13-cv-579-BAJ-RLB ("*Taylor I*"), and obtained a judgment against Defendants with respect to those claims arising under the Second Amendment to the U.S. Constitution. *See Taylor I,* No. 13-579 at [Doc. 69]. Subsequent to the filing of Plaintiff's Original Complaint in the present suit, the Court held a status conference in *Taylor I* on April 23, 2015, at which time the parties agreed that the non-Second Amendment claims arising from Taylor's October, 2012 arrest would be considered in the present suit, referred to as "*Taylor II*". *Taylor I,* No. 13-579 at [Doc. 98]; *Taylor II,* No. 15-153 at [Doc. 6].

After the April 23, 2015 status conference in *Taylor I,* the undersigned was replaced as Plaintiff's counsel of record. [Doc. 6]. Thereafter, Defendants in *Taylor II* moved to dismiss Plaintiff's Original Complaint, or in the alternative, to strike certain allegations appearing therein. *See* [Doc. 10]. Defendants' Motion asserted, among other things, that the claims arising from Plaintiff's arrest in October, 2012 had either prescribed, or were *res judicata* as a result of the judgment rendered in *Taylor I. See Taylor II,* [Doc. 10-1], ¶10. In response to Defendants' Motion, Plaintiff's then-counsel, suffering from a lack of understanding of the actions taken to preserve the unresolved claims from *Taylor I* within the present suit, moved to amend Plaintiff's Complaint, submitting a proposed amended complaint that eliminated all references and claims

2

relating to Plaintiff's arrest in October, 2012.  [Doc. 18].

On October 21, 2015, the Court held an additional status conference in *Taylor I,* during which undersigned counsel's re-involvement and the likelihood of withdrawing Plaintiff's Motion to Amend Complaint [Doc. 18] were discussed.  *See Taylor I,* 13-579, [Doc. 106].  At the status conference, the Court indicated that it was prepared to rule on the pending motions, and set a deadline of October 30, 2015 for Plaintiff to submit his anticipated Motion to Withdraw.  *Id.*

## III.   DISCUSSION

As set forth above, the Proposed Amended Complaint filed by Plaintiff's previous counsel of record eliminates all references and claims relating to Plaintiff's October, 2012 arrest and subsequent prosecution.  These amendments were proposed based upon Plaintiff's previous counsel's misunderstanding of and/or unfamiliarity with the proceedings in this case and in *Taylor I* prior to his enrollment as counsel.   As a result, the proposed amendment eliminates numerous vital facts as well as viable claims for relief brought on Plaintiff's behalf.  If Plaintiff's Complaint were to be amended as proposed in Docket No. 18, the result would be a substantial forfeiture of Mr. Taylor's rights.

After the October 21, 2015 status conference in *Taylor I,* the undersigned approached counsel for Defendants to discuss the possibility of negotiating an amended complaint that would address the concerns raised in Defendants' Motion to Dismiss/Strike, while at the same time preserving Mr. Taylor's unresolved claims from *Taylor I*.  Negotiations were complicated by Defendants' continued assertion that the claims originally appearing in *Taylor I* were either prescribed or subject to the doctrine of *res judicata*.[1]   While Plaintiff's counsel continued

---

[1] Notably, Defendants do not claim that prescription on these claims had run prior to Plaintiff's filing of the lawsuit in *Taylor I,* an action that interrupted the running of prescription pursuant to La. C.C. Art. 3462.  In addition, the transfer

3

attempting to draft a mutually agreeable amended complaint, as of the time of this submission, those efforts have been unsuccessful.

Given the inability to reach an agreement with Defendants regarding the content of an amended complaint, and the Court's indication that it is currently prepared to rule on Defendants' pending Motion, Plaintiff believes the most expedient method of proceeding is to allow the Court to resolve the issues raised by Defendants' Motion to Dismiss/Strike in the context of Plaintiff's Original Complaint. Plaintiff's counsel has also conferred with counsel for Defendants, who also indicated a preference for this course of action.

## IV.   CONCLUSION

For those reasons appearing above, Plaintiff respectfully requests that the Motion to Amend Complaint appearing at Docket No. 18 be withdrawn, and that Defendants' Motion to Dismiss/Strike be resolved in connection with Plaintiff's Original Complaint [Doc. 1].

Respectfully submitted,

s/ Terrence J. Donahue, Jr.
**TERRENCE J. DONAHUE, JR.**
DONAHUE LAW FIRM
P.O. Box 41017
Baton Rouge, Louisiana 70835
(225) 939-9104
Bar Roll No.: 32126

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion was filed electronically on October 30, 2015, using the Court's CM/ECF system, which generated a Notice of Electronic Filing to all counsel of record, satisfying the service requirements of Fed. R. Civ. P. 5.

---

of the unresolved claims from *Taylor I* into the present suit clearly renders the doctrine of *res judicata* inapplicable.

4

<u>s/ Terrence J. Donahue, Jr.</u>  
Terrence J. Donahue, Jr.