## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**ERNEST TAYLOR**

**CIVIL ACTION**

**VERSUS**                                     **NO.: 3:15-CV-00153-SDD-RLB**

**THE CITY OF BATON ROUGE, ET AL**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANTS' ANSWER TO PLAINTIFF'S
## FIRST AMENDED COMPLAINT

Defendant, Karole Muller, through her respective undersigned counsel, respond to Plaintiff's First Amended Complaint and adopt and incorporate the Defendants' Answer to Plaintiff's First Amended Complaint (record document number 33) stated herein and further responds as follows:

FIRST DEFENSE

THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Plaintiff's complaint fails to state a claim upon which relief may be granted against defendant Muller because the complaint fails to state facts that are essential under any theory of liability .

1

SECOND DEFENSE

THERE IS NO DEPRIVATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT.

The fact that plaintiff has filed this action negates plaintiff's claims of a violation of his right to petition for redress of damages under the First Amendment.

THIRD DEFENSE

THERE IS NO DEPRIVATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS.

The search of plaintiff's vehicle on October 13, 2012, was based upon sufficient probable cause and was a legitimate inventory of plaintiff's vehicle incidental to plaintiff's arrest.  Plaintiff's arrest on October 13,2012,  was based upon an outstanding warrant for plaintiff's arrest.

The search of plaintiff's residence on April 29 - 30, 2014, was conducted following consent.

FOURTH DEFENSE

THERE WAS NO FAILURE TO ADVISE PLAINTIFF OF HIS 5TH AMENDMENT RIGHTS.

Defendant was advised of his rights against self-incrimination prior to any interrogation, on October 13,2012, and on April 29 - 30, 2014.   Plaintiff made no

incriminating statements, and nothing that plaintiff said has been used against him in any criminal matter.

FIFTH DEFENSE

PLAINTIFF HAS NO STANDING TO PURSUE CONSTITUTIONAL RIGHTS OF OTHERS.

Plaintiff has no legal standing to complain of, or seek to enforce, constitutional rights (or any other rights) of other persons.  Plaintiff has no legal right or standing to seek to enjoin enforcement of statutes or ordinances that do not apply to plaintiff under the facts of this claim.  Plaintiff has no legal standing to attack unspecified statutes and ordinances, and no right to pursue anticipatory attacks upon ordinances and statutes.

SIXTH DEFENSE

PLAINTIFF HAS FAILED TO STATE A VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE OF RACIAL DISCRIMINATION.

Plaintiff has pled no facts that indicate that either  plaintiff's arrest on October 13, 2012, or his detention on April 29 – 30, 2014,  involved racial discrimination, or any other form of discrimination.

## SEVENTH DEFENSE

## PLAINTIFF'S CLAIM OF DEPRIVATION OF HIS FIREARMS IS PRECLUDED .

Plaintiff's claims that his weapons were seized in violation of the provisions of the Louisiana Constitution, and his claim for any damages as a result, are precluded as being res judicata.  Further,  plaintiff cannot maintain two claims for damages for the same act under different legal theories.

## EIGHTH DEFENSE

## PLAINTIFF CANNOT MAINTAIN THE SAME ACTION UNDER 42 USC 1983 AND 1985.

Plaintiff cannot claim damages for the same act claiming a  violation of both 42 USC 1983 and 42 USC 1985.

## NINTH DEFENSE

## PLAINTIFF HAS NO CLAIM FOR EXCESSIVE  FORCE

Any force employed in plaintiff's  arrest on October 13, 2012, or in his detention of April 29 –30, 2014, was reasonable and necessary.

TENTH DEFENSE

ROPER, BATSON AND  FREEMAN ARE ENTITLED TO PROSECUTORIAL

IMMUNITY

Defendants Roper, Batson and Freeman are entitled to absolute prosecutorial

immunity from liability on claims based upon their actions as prosecutors.

ELEVENTH DEFENSE

THE POLICE OFFICERS ARE ENTITLED TO QUALIFIED IMMUNITY

Karole Muller was, at the time, a student at the police academy, was not a

commissioned police officer.   If determined to be a government official, defendant Muller

is entitled to qualified immunity because she acted at all times in good faith and, at the time

of the plaintiff's arrest on October 13, 2012 there was no clear constitutional right to possess

a firearm in the parking lot of an establishment where alcoholic beverages were consumed

on premises.

TWELFTH DEFENSE

NONE OF THE DEFENDANTS ARE POLICY-MAKERS.

Contrary to plaintiff's allegations, none of the defendants are policy-makers as the

term is defined for purposes of creating liability upon a governmental employer in actions

under 42 USC 1983,et seq.  There are no policies, customs or practices within the city  that

5

would permit or authorize violations of federally protected rights.

## THIRTEENTH DEFENSE

PLAINTIFF'S DETENTION ON APRIL 29 – 30, 2014, WAS BASED ON PROBABLE CAUSE

This detention was based upon a positive photographic identification made by the victim of the offense.

And now, further answering plaintiff's complaint, defendants show as follows:

1.     Answering paragraph 1, defendants admit that the parties named therein have been named as defendants in this matter; however, it is denied that any of the defendants are liable to the plaintiff in any amount for any reason.

2.     Defendants deny the allegations of paragraph 2.

3.     Defendants admit that plaintiff may not properly demand damages for an alleged Second Amendment violation, and defendants assert that plaintiff should not be permitted to raise any claims in any way related to the seizure of plaintiff's weapons on October 13, 2013.

4.     Answering paragraph 4, defendants admit that the court has previously ruled that unresolved issues raised in suit number 13-00579-BAJ-RLB are to be prosecuted and defended in this matter.

5.     Defendants deny the allegations of paragraph 5.

6.      Defendants admit that the Court has jurisdiction of this matter pursuant to 42 USC 1983; defendants deny the remainder of the  allegations of paragraph 6.

7.      Defendants admit the allegations of paragraph 7.

8.      Defendants deny the allegations of paragraph 8.

9.      Defendants admit the allegations of paragraph 9.

10.     Defendants deny the allegations of paragraph 10.

11.     For lack of information, defendants deny the allegations of paragraph 11.

12.     Paragraph 12 does not require a categorical answer, but if it does, it is denied.

13.     Defendants admit that Dabadie is the Chief of Police; defendants deny that Dababie is a policymaker.

14.     Defendants admit the allegations of paragraph 14.

15.     Defendants deny that Lea Anne Batson is a policymaker, but admit that she is presently Parish Attorney.

16.     Defendants deny the allegations of paragraph 16.

17.     Defendants deny the allegations of paragraph 17.

18.     Defendants admit that James Hilburn is a former assistant parish attorney and that he has previously waived service of the original complaint.

19.     Defendants admit that Tedrick Knightshead is an assistant parish attorney.

20.     Defendants admit the allegations of paragraph 20.

21.     Defendants admit the allegations of paragraph 21.

22.     Defendants admit the allegations of paragraph 22.

23.     Answering paragraph 23, defendants deny that Karole Muller participated in the search of plaintiff's vehicle or the confiscation of his property or in his arrest.  Further answering, defendant shows that Muller was, at the time, a student at the police academy, was not a commissioned police officer with authority to arrest or search, and that at all relevant times, Muller was simply an observer.

24.     Defendants admit that Smith has been named a defendant herein and to the best of defendant's knowledge may be served through  police headquarters on Airline Hwy. Defendants deny any liability on the part of Smith.

25.     Defendants admit that Delcambre has been named a defendant herein, and that to the best of defendant's knowledge may be served through the police headquarters on Airline Hwy.; defendants deny any liability of Delcambre.

26.     Defendants admit that Russell has been named a defendant herein and  that to the best of defendant's knowledge may be served through the police headquarters on Airline Highway.  Defendants deny any liability on the part of Russell.

27.     Defendants admit that Harris has been named a defendant herein and admit to the best of defendants' knowledge may be served through police headquarters on Airline Hwy.  Defendants deny any liability on the part of Harris.

28.     Paragraph 28 does not require a categorical answer.

29.     Defendants admit the allegations of paragraph 29.

30.     Answering paragraph 30, defendants admit that Karole Muller accompanied Cpl. Wennemann, but show that Muller was not an "officer in training" but was a student at the police academy who had no law enforcement authority.

31.     Defendants deny the allegations of paragraph 31.

32.   For lack of information, defendants deny the allegations of paragraph 32 relative to a vehicle other than that of plaintiff.  Further answering, defendants deny the remaining allegations.

33.     Defendants admit the allegations of paragraph 33.

34.     Answering paragraph 34, defendants deny the implication contained in "purportedly."  Further answering, defendants show that Wennemann and Thomas observed plaintiff's light-less vehicle at approximately the same time. Thomas started pursuit of plaintiff.

35.     Answering paragraph 35, defendants deny the allegations thereof.

36.     Answering paragraph 36, defendants admit that Thomas gave chase.

37.     Answering paragraph 37, defendants admit that Officer Thomas did initiate a traffic stop of plaintiff's vehicle. Defendants deny the remaining allegations of paragraph 37.

38.     Defendants admit that the allegations contained in paragraph 38 are generally accurate.

39.     Defendants admit that the allegations contained in paragraph 39.

40.     Defendants admit that the plaintiff was told to exit his vehicle.

41.     Defendants admit that plaintiff did comply with the officer's request.

42.     Defendants admit that Taylor was searched by police officers through a pat-down search.

43.     Defendants deny the allegations of paragraph 43.

44.     Defendants admit that at some point while Officer Thomas was with plaintiff, Officer Wennemann and cadet Muller arrived.

45.     Defendants admit that at some point, police officers observed two rifles located in plaintiff's vehicle placed in suspicious positions.

46.     Answering paragraph 46, defendants admit that Officer Wennemann advised that he observed weapons inside Taylor's vehicle.

47.     Defendants admit that the allegations of paragraph 47 are generally accurate. To the extent the allegations apply to defendant Muller, the allegations are denied as written. Muller was a cadet in the police academy and did not actively participate in the actions alleged.

48.     Defendants admit the allegations of paragraph 48.

49.     Defendants admit that at some point plaintiff was told that there was an ordinance which prohibited firearms inside a vehicle located on the premises of a location where alcoholic beverages were sold for consumption on the premises.

50.     Defendants admit that the allegations of paragraph 50 are generally correct in the sense that a similar conversation took place.

51.     Defendants deny the allegations of paragraph 51.

52.     Answering paragraph 52, defendants deny the allegations thereof.

53.     Answering paragraph 53, defendants admit that Taylor made a statement similar to that set out in paragraph 53, but defendants deny the other allegations of that paragraph.

54.     Answering paragraph 54, defendants show that upon plaintiff's resisting arrest, it became necessary for the officers to use reasonable force and to place handcuffs on plaintiff.

55.     Answering paragraph 55 defendants admit that because of Taylor's resistance it became necessary for officer Wennemann to assist in controlling Taylor, place handcuffs on plaintiff and place Taylor into the police vehicle.    Defendants deny the remaining allegations of paragraph 55.

56.     Defendants deny the accuracy of plaintiff's opinion as stated in paragraph 56.

57.     Defendant's deny the accuracy of plaintiff's opinion as stated in  paragraph 57.

58.     Defendants deny the allegations of paragraph 58.

59.     Defendants deny the allegations of paragraph 59.

60.     Defendants deny the implications contained in the allegations of paragraph 60, but admit that the officers intended to arrest plaintiff for a violation of ordinance 13:95.3,

resisting arrest, and on the open arrest warrant.

61.    Answering paragraph 61, defendants admit that Taylor's firearms were removed and taken into custody when Taylor was arrested.  Defendants show that any search of the vehicle was pursuant to plaintiff's arrest.  To the extent the allegations apply to defendant Muller, the allegations are denied as written.  Muller was a cadet in the police academy and did not actively participate in the actions alleged.

62.    Answering paragraph 62, defendants show that plaintiff consented to the search by advising of the presence of the weapons.  The weapons were taken into custody.  To the extent the allegations apply to defendant Muller, the allegations are denied as written.  Muller was a cadet in the police academy and did not actively participate in the actions alleged.

63.    Answering paragraph 63, defendants admit that a third weapon was discovered and that all three were taken into custody.  To the extent the allegations apply to defendant Muller, the allegations are denied as written.  Muller was a cadet in the police academy and did not actively participate in the actions alleged.

64.    Defendants admit the allegations of paragraph 64.

65.    For lack of information sufficient to justify a belief defendants deny the allegations as to exactly what actions were taken by the sheriff's deputy and the exact statement made by the dispatcher relative to a warrant.  Further answering, defendants show that  information reported to the officers caused officer Thomas to believe that there was an outstanding arrest warrant for the plaintiff.  The conversation is recorded and the recording

has been made available to plaintiff's attorney.  The disk is the best evidence of what was said.

66.     As stated in the preceding paragraph, Officer Thomas has no present recollection of the exact words of the dispatcher as to her ability to locate a warrant.

67.     Answering paragraph 67, defendants admit that another police unit arrived at the scene.  To the extent the allegations apply to defendant Muller, the allegations are denied as written.  Muller was a cadet in the police academy and did not actively participate in the actions alleged.

68.     Answering paragraph 68, defendants admit that at some point another police unit with a police academy student "ride along" did arrive.  Defendants deny the remaining allegations of the paragraph.

69.     For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 69.

70.     For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 70.

71.     For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 71.

72.     Answering paragraph 72, defendants admit that they advised Taylor that a city ordinance prohibited possession of a firearm in the parking lot of a location where alcoholic beverages were sold for consumption.  To the extent the allegations apply to defendant

Muller, the allegations are denied as written.  Muller was a cadet in the police academy and did not actively participate in the actions alleged.

73.    Defendants deny the allegations of paragraph 73.

74.    Defendants admit that prior to being advised of Miranda rights, plaintiff was asked several questions, one of which was whether he had any weapons on his person. Defendants deny that plaintiff made any incriminating statements prior to being warned of his rights.  To the extent the allegations apply to defendant Muller, the allegations are denied as written.  Muller was a cadet in the police academy and did not actively participate in the actions alleged.

75.    Defendants admit that plaintiff was questioned concerning his activities immediately prior to his arrest.  Mohican was mentioned.

76.    Plaintiff did not directly admit having parked his vehicle in the parking lot of a location where alcoholic beverages were sold for consumption on the premises.

77.    Defendants admit that Taylor was questioned relative to the location where his vehicle had been parked.

78.    Defendants admit the allegations of paragraph 78.

79.     Defendants admit that it was discussed that the officers would drive by the location where Taylor's car had been seen leaving the parking lot, in order to ascertain the proper address.  The remaining allegations of paragraph 79 are denied.

80.     Answering paragraph 80, defendants show that the officers determined that the vehicle had indeed been parked on the parking lot of the Boss Lady lounge, and defendants admit that such information was placed in the report.

81.     Defendants admit that plaintiff was advised of his Miranda rights after the weapons were seized, and after plaintiff was arrested, but deny that there was any extensive interrogation. To the extent the allegations apply to defendant Muller, the allegations are denied as written.  Muller was a cadet in the police academy and did not actively participate in the actions alleged.

82.     Answering paragraph 82, defendants admit that the allegations thereof are correct as far as they go; however, plaintiff was also arrested on an outstanding arrest warrant.  To the extent the allegations apply to defendant Muller, the allegations are denied as written.  Muller was a cadet in the police academy and did not actively participate in the actions alleged.

83.     Answering paragraph 83, defendants admit that Officer Thomas has no present recollection of the dispatcher's statement with regard to her ability to locate an arrest warrant. Further answering, defendants show that there was, in fact, an open arrest warrant ordering the arrest of plaintiff.  Further answering, defendants show that they learned of the existence of the warrant at some time prior to writing the report, but cannot, at this time, recall exactly when they learned of the existence of the warrant.

84.     Paragraph 84 does not require a categorical answer.

15

85.   Defendants admit the allegations of paragraph 85.

86.   Defendants deny the allegations of paragraph 86.

87.   For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 87.

88.   For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 88.  To the extent the allegations apply to defendant Muller, the allegations are denied as written.  Muller was a cadet in the police academy and did not actively participate in the actions alleged.

89.   Defendants deny the allegations of paragraph 89.  To the extent the allegations apply to defendant Muller, the allegations are denied as written.  Muller was a cadet in the police academy and did not actively participate in the actions alleged.

90.   Answering paragraph 90, defendants show that the report in question speaks for itself; however, the information stated in paragraph 90 would not be relevant to such a report in any event.

91.   Defendants deny the allegations of paragraph 91.  To the extent the allegations apply to defendant Muller, the allegations are denied as written.  Muller was a cadet in the police academy and did not actively participate in the actions alleged.

92.   Defendants deny the allegations of paragraph 92.  To the extent the allegations apply to defendant Muller, the allegations are denied as written.  Muller was a cadet in the police academy and did not actively participate in the actions alleged.

93.    Defendants deny the allegations of paragraph 93.To the extent the allegations apply to defendant Muller, the allegations are denied as written.  Muller was a cadet in the police academy and did not actively participate in the actions alleged.


94.    Defendants admit that the officers, or one of them, prepared a report. Defendants admit that an affidavit was prepared; for lack of information sufficient to justify a belief, defendants deny that it was never notarized.  To the extent the allegations apply to defendant Muller, the allegations are denied as written.  Muller was a cadet in the police academy and did not actively participate in the actions alleged.

95.    Defendants deny the allegations of paragraph 95.

96.    Defendants deny all the allegations of paragraph 96.

97.    Defendants admit the allegations of paragraph 97.

98.    Defendants admit the allegations of paragraph 98.

99.    For lack of information to justify a belief, defendants deny the allegations of paragraph 99.

100.    On information and belief, defendants admit that the district attorney did not file any formal charges.

101. For lack of information sufficient to justify a belief, defendants deny the allegation that no investigation was made by the police department.    The parish attorney's office and the prosecutor's office have no authority to conduct such investigation.

102.   For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 102.

103.   Answering paragraph 103, it is admitted that the city prosecutor filed a misdemeanor affidavit charging the plaintiff.  Defendants deny the accuracy of the statement of plaintiff's opinion in the remainder of that paragraph.

104.   Defendants deny the allegations of paragraph 104.

105.   For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 105.

106.   Answering paragraph 106, defendants admit that plaintiff's attorney, Glisson, attempted to convince the prosecutor to drop the charges, without providing any adequate reason for doing so.

107.   For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 107.

108.   Defendants deny the implication in paragraph 108, but admit that plaintiff's prosecution was not dismissed, but was referred to the attorney general's office.

109.   Defendants admit that plaintiff's attorney, without giving valid reasons therefor, did attempt to have the charges dismissed.

110.   Defendants submit that no categorical answer is required to paragraph 110.

111.   Defendants admit the allegations of paragraph 111.

112.   Defendants deny the allegations of paragraph 112.

113.   Defendants deny the allegations of paragraph 113.

114.   Defendants admit that plaintiff filed suit.

115.   Defendants admit the allegations of paragraph 115.

116.   Defendants admit that plaintiff filed a motion to quash the criminal proceedings.

117.   Defendants again admit that plaintiff filed a motion to quash the criminal proceedings, and alleged therein grounds that he thought appropriate.

118.   Answering paragraph 118, plaintiff's complaint speaks for itself but it seems to be generally correct although totally irrelevant to this matter.

119.   Defendants admit that those defendants were served.

120.   Defendants deny the allegations of paragraph 120.

121.   Defendants deny the allegations of paragraph 121.


122.   Answering paragraph 122, defendants show that defendant Freeman was forced to recuse her office from further prosecution of Taylor's charges because Taylor filed a lawsuit  against Freeman personally forcing her to recuse her office from the prosecution. Because of her forced recusation, Defendant Freeman was no longer in a position  to make any  decisions about the matter.   Until that time, defendant Freeman had no basis for dismissing the charges.

123.   Defendants admit the allegations of paragraph 123.

124.    Answering paragraph 124, Defendants admit that the criminal charge was never tried, and that such trial dates that were set were continued.  Defendants admit that the motion to recuse the prosecutor was tried by the court.

125.    Defendants deny the allegations of paragraph 125.

126.    Defendants admit the allegations of paragraph 126, and have no reason to doubt that the date was as stated in paragraph 126.

127.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 127.

128.    Defendants deny the allegations of paragraph 128 as that paragraph makes no sense.  The city prosecutor is a part of the parish attorney's office and therefore was automatically "enrolled" in plaintiff's criminal case.  Defendants deny that at that time there was any reason to believe the ordinance unconstitutional.


129.    Defendants deny the allegations of paragraph 129, as written.  The recusation of the city prosecutor was caused solely and entirely by the civil lawsuit plaintiff filed against Lisa Freeman.

130.    Defendants believe the allegations of paragraph 130 to be generally correct.

131.    Defendants deny the allegations of paragraph 131.

132.    Defendants deny the allegations of paragraph 132.

133.    Defendants deny the allegations of paragraph 133.

134.    Defendants admit that plaintiff's complaint was, pursuant to regular procedure, given to Gremillion to assign to an attorney.  Defendants deny the remaining allegations of paragraph 134.

135.    Defendants deny the allegations of paragraph 135.  The matter was assigned to James Hilburn, after which and until Hilburn's resignation, he was responsible for defense.

136.    Defendants deny the allegations of paragraph 136 as written.   Further answering, defendants show that Gremillion determined  that the ordinance was unconstitutional only insofar as it created an implied consent to search.

137.    For lack of information sufficient to justify a belief, defendants deny that the Metro Council in 1986 made any determination relative to the constitutionality of the ordinance.  Further answering, defendant admit that the council did attempt to replace the ordinance, but apparently  the publishing company that publishes the code of ordinances neglected to remove the original ordinance but did include the new ordinance.

138.    Defendants deny the allegations of paragraph 138.

139.    Defendants deny the allegations of paragraph 139.

140.    Defendants deny the allegations of paragraph 140.

141.    Defendants deny the allegations of paragraph 141.

142.    Defendants deny the allegations of paragraph 142.

143.    Defendants deny the allegations of paragraph 143.

144.    Defendants deny the allegations of paragraph 144.

145.    Defendants deny the allegations of paragraph 145.

146.    Answering paragraph 146, defendants show that the Parish Attorney's Office did not "fail to participate" in Taylor's lawsuit, but did in fact participate until Taylor took advantage of confusion caused by Hilburn's sudden retirement and requested a default .

147.    Answering paragraph 147, defendants show that Tedrick Knightshead, after plaintiff's default was entered, did attempt to rectify the situation.

148.    Defendants deny the allegations of paragraph 148.

149.    Defendants deny the allegations of paragraph 149.

150.    Defendants deny the allegations of paragraph 150.

151.    Defendants deny the allegations of paragraph 151.

152.    Defendants deny the allegations of paragraph 152.  To the contrary, Knightshead attempted to assist plaintiff's attempts to recover his weapons by advising his attorney how to proceed.   Plaintiff's attorney failed  to prepare and file the necessary motion and Knightshead did so for him, even arranging for that attorney to be able to physically recover the weapons instead of plaintiff.

153.    Defendants admit that hearings were held before the Honorable Brian Jackson.

154.    Defendants admit the allegations of paragraph 154.

155.    Defendants admit that the court ordered a hearing with regard to sanctions, but deny the reasons therefore as set out in paragraph 155.

156.    Defendants deny the allegations of paragraph 156.

157.    Defendants deny the allegations of paragraph 157.

158.    Answering paragraph 158, defendants admit that a letter was drafted (but never sent) to the chief of police recommending that enforcement of §13:95.3 be terminated.

159.    Defendants deny the allegations of paragraph 159.

160.    Answering paragraph 160, defendants show that a recommendation to repeal the ordinance was not again placed before the council because the council wanted to prohibit possession of firearms in the parking lots of locations where alcoholic beverages are sold for consumption on the premises, and it is impossible to prepare such ordinance.

161.    Defendants admit the allegations of paragraph 161.   Gremillion simply telephoned to the chief of police and relayed the message by telephone and the chief stated that he had already taken such action.

162.    Defendants deny the allegations of paragraph 162.

163.    Defendants deny the allegations of paragraph 163.

164.    Defendants admit that Taylor retained Glisson; further answering, defendants show that upon the prosecutor's being forced to recuse her office, the matter was referred to the Attorney General.

165.    For lack of information with regard to the intentions or decisions of the attorney general's office, the allegations of paragraph 165 are denied.

166.    Defendants admit the allegations of paragraph 166.

167.    Defendants deny the allegations of paragraph 167.

168.   Defendant's admit that the attorney general dismissed the criminal charges pending against plaintiff.   With regard to the date, the order is written and speaks for itself.

169.   Defendants deny the allegations of paragraph 169.

170.   Defendants deny the allegations of paragraph 170.   Further answering, defendants show that Ardoin had been given the name "Ernest Taylor" but did not type the name in his written report.

171.   Defendants deny the allegation of paragraph 171.

172.   Defendants deny the allegations of paragraph 172.

173.   Defendants deny the allegations of paragraph 173.

174.   Defendants deny the allegations of paragraph 174.

175.   Defendants deny the allegations of paragraph 175.

176.   Defendants deny the allegations of paragraph 176.

177.   Defendants deny the allegations of paragraph 177.

178.   Defendants admit that allegations of paragraph 178 are generally correct.

179.   Defendants deny the allegations of paragraph 179 as written.  Further answering paragraph 179 defendants are informed and believe and therefore assert that at approximately 11:23 P.M., April 29, 2014, a female who identified herself as Shunta, called 911 and advised that she had just been robbed by an individual whom she identified as Earl Taylor.  There was no earlier call.

180.   Defendants deny the allegations of paragraph 180.   Further answering,

defendants allege that the call to 911 made at approximately 11:23 PM on April 29, 2014, was the only call relative to the complaint and in that call the victim identified the perpetrator as Ernest Taylor.  There was no earlier call.

181.   Defendants deny the allegations of paragraph 181.

182.   For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 182.

183.   Defendants deny the allegations of paragraph 183.  Thomas concluded only that plaintiff could have been the Ernest Taylor described by the victim of the robbery.

184.   Answering paragraph 184, defendants deny the implications contained in the words "even though there were numerous other officers available..." and "despite the fact that ...."  Defendants admit that Officer Thomas responded to the call on Alliquippa Street.

185.   Defendants admit the allegations of paragraph 185 as written.

186.   Defendants admit the allegations of paragraph 186.

187.   Defendants deny the allegations of paragraph 187.

188.   Defendants deny the allegations of paragraph 188.

189.   Defendants deny the allegations of paragraph 189.

190.   Defendants deny the allegations of paragraph 190.

191.   Answering paragraph 191, defendants admit that the victim stated that the perpetrator was in his thirties, but the victim also positively identified plaintiff as the culprit from a photograph, and also stated that she was acquainted with the perpetrator.

192.    Defendants admit that plaintiff is 54.

193.    Defendants deny the allegations of paragraph 193.

194.    Answering paragraph 194, defendants show that Officer Thomas did in fact exhibit a photograph of plaintiff to the victim of the offense and plaintiff positively identified plaintiff as the perpetrator.

195.    Defendants deny the allegations of paragraph 195.

196.    Defendants deny the allegations of paragraph 196.

197.    Defendants deny the accuracy of the statement of plaintiffs opinion as set out in paragraph 197.  Plaintiff's admit that the victim identified plaintiff as the perpetrator.

198.    Defendants deny the allegations of paragraph 198 as written.   Further answering, defendants had a positive identification based upon a photograph by a victim who claimed to be personally acquainted with the perpetrator.  The commission of an armed robbery is an exigent circumstance.  The purpose of detaining plaintiff was to either obtain a positive identification, or to determine that plaintiff was not the perpetrator.

199.    Defendants deny the allegations of paragraph 199 as written.  Further answering paragraph 199, defendants show that Officer Thomas was not certain  that plaintiff was the perpetrator of the offense, but was required, in view of the identification made by the victim, to follow up.

200.    Defendants deny the allegations of paragraph 200.

201.   Defendants deny the allegations of paragraph 201.

202.   Defendants deny the allegations of paragraph 202.

203.   Defendants deny the allegations of paragraph 203.

204.   Defendants deny the allegations of paragraph 204 as written.   Further answering, defendants show that the officers beat upon the front door of plaintiff's residence several times while shouting "Police."  Defendants admit that the question, "Did someone call 911" was asked.

205.   Answering paragraph 205, defendants admit that Taylor, after considerable delay,  opened the door of his residence and advised that no one had called 911.

206.   Defendants deny the allegations of paragraph 206.

207.   Defendants deny the allegations of paragraph 207.

208.   Defendants admit that plaintiff did re-enter his home at request of police.


209.   Defendants admit that Taylor was provided with his Miranda warnings; the balance of the allegations of paragraph 209 are denied.

210.   Answering paragraph 210, defendants admit that plaintiff asked various questions of the officers, including a request for the reason for his arrest.

211.   Defendants deny the allegations of paragraph 211.

212.   Defendants deny the allegations of paragraph 212.

213.   Defendants admit that plaintiff was handcuffed and placed in a police vehicle.

He remained clothed as he was when he originally opened the door to his residence.

214.    Defendants deny the allegations of paragraph 214.

215.    Answering paragraph 215, it is admitted that nothing was removed from Taylor's residence.

216.    Defendants admit the allegations of paragraph 216.

217.    Defendants admit that Officer Thomas did attempt to locate the victim of the offense for the purposes of learning whether or not the victim could identify Ernest Taylor.

218.    Defendants deny the allegations of paragraph 218 as written.   Further answering, defendants admit that Officer Thomas returned to the victim's residence for the purpose of her either identifying plaintiff or not.  Thomas was unable to locate the victim at that time.

219.    Defendants deny the allegations of paragraph 219 as written.   Further answering, defendants show that upon returning to the Alliquippa Street address, Officer Thomas learned that the victim was not there.   Thomas located two people who were acquainted with the victim and also knew a person named Ernest Taylor.  These persons, upon examining the photograph of plaintiff that Thomas had shown to the victim, advised that he was not the Ernest Taylor with whom they were acquainted.  Thomas then concluded that plaintiff was not the perpetrator, and Taylor was returned to his residence.

220.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 220.

221.    Answering paragraph 221, defendants admit that Taylor's attorney did contact Knightshead following Taylor's arrest.

222.    Defendants deny the allegations of paragraph 222.

223.    Defendants deny the allegations of paragraph 223.

224.    Defendants deny any continued harassment of the plaintiff.

225.    Defendants deny the allegations of paragraph 225.  Defendants have no knowledge of what "filings," are referred to in paragraph 225.

226.    Defendants admit the allegations of paragraph 226, as there was no basis for any investigation.

227.    Answering paragraph 227, defendants, for lack of information as to which statutes, ordinances, regulations, policies, customs, practices, and usages of the State of Louisiana and/or the City of Baton Rouge are referred to, deny the allegations thereof. Further answering, defendants show that all of their actions were incompliance with proper police procedure and all relevant laws.

228.    Answering paragraph 228, defendants admit that the Chief of Police is in charge of the Baton Rouge Police Department and has the authority granted to him by the Parish Plan of Government and the various ordinances, including § 4:51.

229.    Defendants admit the allegations of paragraph 229.

230.    Defendants deny the allegations of paragraph 230.

231.    Answering paragraph 231, defendants state that Sec. 6.02 of the Plan of

Government is a written document which contains many qualifications and conditions and is the best evidence of it context.  Nevertheless, defendants admit that the Chief of Police is in charge and directs the operations of the Baton Rouge City Police Department.

232.    Answering paragraph 232, defendants allege that Code of Ordinances Sec. 4:50 and 6.01 of the Plan of Government, deal with the Baton Rouge Police Department and are written documents which speak for themselves.  Defendants admit the allegations of paragraph 232 only insofar as they correctly state the contents of those ordinances.

233.    Defendants admit the allegations of paragraph 233 as being generally correct.

234.    Answering paragraph 234, defendants admit that Sec. 11.01 of the Plan of Government describes the office and duties of the Parish Attorney.  Generally, the Parish Attorney does not furnish opinions unless requested; otherwise, defendants admit the

allegations of paragraph 234 insofar as those allegations are accurate representations of the material in the Plan of Government.

235.    Defendants deny the allegations of paragraph 235.

236.    Answering paragraph 236, defendants show that the Parish Attorney drafts proposed ordinances at the request of the Metropolitan Council; defendants deny the balance of paragraph 236.

237.    Defendants admit the allegations of paragraph 237.

238.    Defendants admit the allegations of paragraph 238.

239.    Defendants admit the allegations of paragraph 239 as being generally correct.

240.    Defendants deny   the allegations of paragraph 240 as written.   Further answering, defendants show that while the parish attorney is in charge of, and supervises the operations of the parish attorney's office, the parish attorney has no authority to make policies as that term is defined in connection with actions brought under title 42 of the United States Code, and does not make such policies.

241.    Defendants deny the allegations of paragraph 241.

242.    Defendants deny the allegations of paragraph 242.

243.    Defendants admit the allegations of paragraph 243.

244.    Defendants deny the allegations of paragraph 244.   Paragraph 244 contains a misrepresentation.

245.    Defendants admit the allegations of paragraph 245 as being generally correct.

246.    Defendants admit the allegations of paragraph 246.

247.    Defendants admit the allegations of paragraph 247.

248.    Defendants admit the allegations of paragraph 248.

249.    Defendants admit the allegations of paragraph 249.

250.    Defendants admit the allegations of paragraph 250.

251.    Defendants admit that the First Amendment says what it says.

252.    Defendants, for lack of information sufficient to justify a belief, deny that the court in *United States vs. Cruiskshank* made the statement alleged in paragraph 252.

253.   For lack of information sufficient to justify a belief, defendants deny that the cases cited in 253 actually made the statements set out in paragraph 253.

254.   Answering paragraph 254, defendants admit that the law in general provides a right to petition the government for redress of grievances.

255.   For lack of information sufficient to justify a belief, defendants deny that the court in *McDonald v. Smith* made the statement set out in paragraph 255.

256.   Defendants admit the allegations of paragraph 256.

257.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion set out in paragraph 257.

258.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion  as set out in paragraph 258.

259.   Defendants deny the accuracy of plaintiff's opinion as set out in paragraph 259.

260.   Defendants deny the allegations of paragraph 260.

261.   For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 261.

262.   For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 262.

263.   For lack of information sufficient to justify a belief defendants deny the accuracy of plaintiff's opinion with regard to an interpretation of the cited constitutional article as stated in paragraph 263.

264.   Defendants deny that the allegations of paragraph 264 is an accurate statement of the law.

265.   For lack of information sufficient to justify a belief, defendants deny that the accuracy of the plaintiff's interpretation of the ruling of the court in *State v. Chaisson*.

266.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion interpreting the LRS 14:95.5.

267.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion interpreting LRS 14:95.5.

268.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion interpreting LRS 14:95.5.

269.   Defendants admit that during 1986, the Metro Council enacted ordinance section 13:95.4.  The ordinance is a written document and speaks for itself.

270.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 270.

271.   Defendants deny the accuracy of plaintiff's opinion as stated in paragraph 271.

272.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion interpreting  the court's ruling  in *District of Columbia v. Heller*.

273.   Defendants admit the existence of LRS 32:292.1.

274.   Defendants, for lack of information sufficient to justify a belief, deny the

accuracy of plaintiff's opinion interpreting  the court's ruling in *McDonald v. The City of Chicago*.

275.   Defendants admit the existence of Louisiana Constitutional Article 1, section 11, but for lack of information sufficient to justify belief deny the accuracy of plaintiff's opinion with regard to the motivation for its adoption.

276.   Defendants admit the allegations of paragraph 276.

277.   For lack of information sufficient to justify a belief, defendants deny that the court in *Beck v. Ohio* and *Gibson v. State* actually made the statements attributed to those courts in paragraph 277.

278.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's interpretation of  the court's ruling  in *Stovall v. Denno*.

279.   Defendants admit the allegations of paragraph 279.

280.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion with regard to the decisions in the two cases cited in paragraph 280.

281.   Answering paragraph 281, the defendants admits the existence of Article I, Sec. 5 of the Louisiana Constitution and that it makes provisions with regard to searches and seizures; however, defendants deny the allegations of paragraph 281 as the statement contained therein is not an accurate statement of that article.

282.   Defendants deny the allegations of plaintiff's opinion as stated in paragraph

282.

283.    For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion interpreting the opinion of the court in *Vale v. Louisiana*.

284.    For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion interpreting the opinion of  the court in *State v. Breaux*.

285.    For lack of information sufficient to justify a belief, defendants deny the accuracy of the plaintiff's opinion interpreting the opinion of the court in *Manson v. Braithwaite*.

286.    For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 286.

287.    For lack of information sufficient to justify a belief, defendants deny the accuracy of  plaintiff's opinion as stated in paragraph 287.

288.    For lack of information sufficient to justify a belief, defendants deny the accuracy of  plaintiff's opinion as stated in paragraph 288.

289.    For lack of information sufficient to justify a belief, defendants deny the accuracy of  plaintiff's opinion as stated in paragraph 289.

290.    For lack of information sufficient to justify a belief, defendants deny the accuracy of  plaintiff's opinion as stated in paragraph 290.

291.    For lack of information sufficient to justify a belief, defendants deny the accuracy of  plaintiff's opinion as stated in paragraph 291.

292.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 292.

293.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 293.

294.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 294.

295.   Answering paragraph 295, defendants admit that the Fifth Amendment provides in general for due process of law, but defendants assert that the same has no significance in the case at bar as plaintiff was provided all due process to which he was entitled.

296.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 296.

297.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 297.

298.   Answering paragraph 298, defendants admit that the Fourteenth Amendment does contain the language cited in paragraph 298, but defendants deny that such language is pertinent to the case at bar.

299.   Defendants deny the accuracy of plaintiff's opinion as stated in paragraph 299.

300.   Defendants admit the allegations of paragraph 300 but only insofar as that paragraph accurately reproduces the article cited.

301.   Defendants admit the allegations of paragraph 301 but only insofar as that paragraph accurately reproduces the article cited.

302.   Defendants admit the allegations of paragraph 302 but only insofar as that paragraph accurately reproduces the article cited.

303.   Defendants admit the allegations of paragraph 303 but only insofar as that paragraph accurately reproduces the article cited.

304.   Defendants admit the allegations of paragraph 304 but only insofar as that paragraph accurately reproduces the article cited.

305.   Defendants admit the allegations of paragraph 305 but only insofar as that paragraph accurately reproduces the article cited.

306.   Defendants admit the allegations of paragraph 306 but only insofar as that paragraph accurately reproduces the article cited.

307.   For lack of information sufficient to justify a belief, defendants deny the accuracy of  plaintiff's opinion as set out in paragraph 307.

308.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as set out in paragraph 308.

309.   For lack of information sufficient to justify a belief, defendants deny the accuracy of  plaintiff's opinion as set out in paragraph 309.

310.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 310.

311.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion in paragraph 311.

312.   For lack of information sufficient to justify a belief, defendants deny the accuracy of  plaintiff's opinion as stated in paragraph 312.

313.   For lack of information sufficient to justify a belief, defendants deny the accuracy of  plaintiff's opinion as stated in paragraph 313.

314.   For lack of information sufficient to justify a belief, defendants deny the accuracy of  plaintiff's opinion as stated in paragraph 314.

315.   For lack of information sufficient to justify a belief, defendants deny the accuracy of  plaintiff's opinion as stated in paragraph 315.

316.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 316.

317.   For lack of information sufficient to justify a belief, defendants deny the accuracy of  plaintiff's opinion as stated in paragraph 317.

318.   Defendants deny the allegations of paragraph 318 of the complaint.

319.   For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 319.

320.   For lack of information sufficient to justify a belief, defendants deny the accuracy of  plaintiff's opinion as stated in paragraph 320.

321.   For lack of information sufficient to justify a belief, defendants deny the

accuracy of plaintiff's opinion as stated in paragraph 321.

322.   For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 322.

323.   For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 323.

324.   Defendants deny the allegations of paragraph 324.

325.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 325.

326.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 326.

327.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 327.

328.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 328.

329.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 329.

330.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 330.

331.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 331.

332.   Defendants deny the allegations of paragraph 332.

333.   Defendants admit the allegations of paragraph 333.

334.   Defendants admit that the allegations of paragraph 334 are generally correct.

335.   Defendants admit the allegations of paragraph 335.

336.   For lack of information sufficient to justify a belief, defendants deny the allegations of  paragraph 336.

337.   Defendants admit that the allegations of paragraph 337 are generally correct.

338.   Defendants admit that the allegations of paragraph 338 are generally correct.

339.   For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 339.

340.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 340.

341.   Defendants deny the allegations of paragraph 341.

342.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 342.

343.   Defendants deny the allegations of paragraph 343.

344.   For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 344.

345.   Defendants admit that "BRAVE" was formed.

346.   For lack of information sufficient to justify a belief, defendants deny the

accuracy of plaintiff's opinion as stated in paragraph 346.

347.    Defendant denies the allegations of paragraph 347 as written.    Further answering, defendants show that BRAVE was to establish genuine relationships with members of the community and patrol high crime areas.  Zip code area 70805 was one such area.

348.    For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 348.

349.    Answering paragraph 349, defendants admit that the city probably received federal funding.

350.    Defendants deny the allegations of paragraph 350.

351.    Defendants deny the allegations of paragraph 351.

352.    Defendants deny the allegations of paragraph 352.

353.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 353.

354.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 354.

355.    For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 355.

356.    Defendants deny the allegations of paragraph 356.

357.    Defendants admit that Judge Jackson issued an injunction prohibiting the

enforcement of §13:95.3 of the city code.

358.    Defendants deny the accuracy of paragraph 358 as it is not the complete statement.

359.    Defendants deny the allegations of paragraph 359.

360.    Defendants deny the allegations of paragraph 360.

361.    Defendants deny the allegations of paragraph 361.

362.    Defendants deny the allegations of paragraph 362.

363.    Answering paragraph 363, defendants admit that at some point during 2014, a photograph such as that described in paragraph 363 did materialize.

364.    For lack of information sufficient to justify a belief, defendants deny the accuracy of  plaintiff's opinion as set out in paragraph 364.


365.    Defendants admit that a warrant was obtained, but deny that any attempt was ever made to execute the warrant.

366.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 366.

367.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 367.

368.    Defendants deny the allegations of paragraph 368.

369.    Defendants deny plaintiff's opinion as stated in paragraph 369.

370.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 370.

371.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 371.

372.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 372.

373.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 373.

374.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 374.

375.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 375.

376.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 376.

377.    For lack of information sufficient to justify a belief, defendants deny plaintiff's opinion as stated in paragraph 377.

378.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 378.

379.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 379.

380.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 380.

381.    Defendants admit the allegations of paragraph 381.

382.    Defendants admit the allegations of paragraph 382.

383.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 383.

384.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 384.

385.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 385.

386.    Defendants deny the allegations of paragraph 386.


387.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 387.

388.    For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 388.

389.    For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in  paragraph 389.

390.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 390.

391.    For lack of information sufficient to justify belief, defendants deny the allegations of paragraph 391.

392.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 392.

393.    For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 393.

394.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 394.

395.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 395 and all subparagraphs.

396.    For lack of information sufficient to justify a belief, defendants deny the allegations  of  paragraph 396.

397.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 397.

398.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 398.

399.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 399.

400.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 400.

401.   For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 401.

402.   Defendants deny the allegations of paragraph 402.  LRS 14:89 contains several sub-parts which defendants maintain are constitutional.

403.   Answering paragraph 403, defendants deny the existence of the "policy" described in paragraph 403; further answering, defendants for lack of information sufficient to justify a belief, deny the remaining allegations of paragraph 403.

404.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 404.

405.   Defendants deny the allegations of paragraph 405.

406.   For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 406.

407.   For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 407.

408.   For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 408.

409.   For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 409.

410.   For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 410.

411.    Answering paragraph 411, defendants admit the existence of *Alcorn v. City of Baton Rouge*, but for lack of information sufficient to justify belief, defendants deny the remaining allegations of paragraph 411.

412.    Defendants deny the allegations of paragraph 412.

413.    Defendants admit the allegations of paragraph 413.

414.    For lack of information sufficient to justify a belief, defendants deny the accuracy of the contents of plaintiff's exhibit F.

415.    Defendants deny the accuracy of the opinions stated in Exhibit F.

416.    Deny the accuracy of the allegations of paragraph 416.

417.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 417.

418.    Defendants deny the allegations contained in Exhibit F.

419.    Defendants deny the allegations of paragraph 419.

420.    Defendants admit that the judicial decision cited in paragraph 420 deals with a public records request to the police department.

421.    Answering paragraph 421, defendants respond that the request was too broad in that it requested privileged information, and the police department properly refused to comply.  Defendants believe that subsequently, after court-approved redaction, the request was honored.

422.    Answering paragraph 422, defendants show that Mary Roper, as parish attorney,

was required to defend the position of the police department, and did so pursuant to law.

423.   Defendants deny the accuracy of the allegations of paragraph 423, and deny the accuracy of plaintiff's opinion as set out in that paragraph.

424.   Defendants show that under the rule of *Garrity v. State of New Jersey*, all governmental employees are entitled to immunity from prosecution based upon questions they are required to answer to avoid termination of employment.

425.   For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as set out in paragraph 425.

426.   For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 426.

427.   Defendants admit the allegations of paragraph 427.

428.   Answering paragraph 428, defendants admit that Defendant Roper continued to pursue her client's position as she was required to do as its attorney.

429.  Answering paragraph 428, defendants admit that Defendant Roper continued to pursue her client's position as she was required to do as  attorney.

430.   Defendants admit that Mary Roper applied for supervisory jurisdiction of the Louisiana Supreme Court.

431.   For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 431.

432.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 432.

433.    Defendants admit the allegations of paragraph 433.

434.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 434.

435.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 435.

436.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 436.

437.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 437.

438.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 438.

439.    For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in  paragraph 439.

440.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 440.

441.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 441.

442. For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 442.

443. For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 443.

444. For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 444.

445. For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 445.

446. For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 446.

447. For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 447.

448. Defendants deny the allegations of paragarph 448.

449. Defendants deny plaintiff the allegations of paragraph 449.

450. Defendants deny the allegations of paragraph 450. All persons are held to be aware of the law only as interpreted by the courts at the relevant time.

451. For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 451.

452. For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 452.

453.    For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 453.

454.    For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 454.

455.    For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 455.

456.    For lack of information sufficient to justify a belief, defendants deny accuracy of plaintiff's opinion as stated in paragraph 456.

457.    For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 457.

458.    For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 458.

459.    For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 459.

460.    For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 460.

461.    For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 461.

462.    For lack of information sufficient to justify a belief, defendants deny the accuracy of plaintiff's opinion as stated in paragraph 462.

463.    Defendants deny the allegations of paragraph 463.

464.    Defendants deny the allegations of paragraph 464.

465.    Defendants deny all of the allegations of paragraph 465.

466.    Defendants deny the allegations of paragraph 466.

467.    Defendants deny the allegations of paragraph 467.

468.    Defendants deny the allegations of paragraph 468.

469.    Defendants deny the allegations of paragraph 469.

470.    Defendants deny the allegations of paragraph 470.

471.    Defendants deny the allegations of paragraph 471.

472.    Defendants admit the allegations of paragraph 472.

473.    For lack of information sufficient to justify a belief, defendants deny the allegations of 473.

474.    For lack of information sufficient to justify a belief, defendants deny the allegations of plaintiff's opinion as stated in paragraph 474.

475.    Defendants deny all of the allegations of paragraph 475.

476.    Defendants deny  the allegations of paragraph 476.

477.    Defendants deny the allegations of paragraph 477.

478.    Defendants deny the allegations of paragraph 478.

479.    Defendants deny the allegations of paragraph 479.

480.    Defendants deny the allegations of paragraph 480.

481.     Defendants deny the allegations of paragraph 481.

482.     Answering paragraph 482, defendants show that the Parish Attorney's Office has no authority or responsibility to review police tactics.

483.     Defendants deny the allegations of paragraph 483.

484.     Defendants deny the allegations of paragraph 484.

485.     Defendants deny the allegations of paragraph 485.

486.     Defendants deny the allegations of paragraph 486

487.     Defendants deny the allegations of paragraph 487.

488.     Defendants deny the allegations of paragraph 488.

489.     Defendants deny the allegations of paragraph 489.

490.     Answering paragraph 490, defendants admit that over the years, various assistant parish attorneys have been allowed to maintain a private practice when they worked for the Parish Attorney's Office on part-time basis.

491.     Defendants deny all of the allegations of  paragraph 491.

492.     Defendants deny the allegations of paragraph 492.

493.     Defendants deny the allegations of paragraph 493.

494.     Defendants deny every allegation, implied or direct as set out in paragraph 494.

495.     Defendants deny the allegations of paragraph 495.

496.    Answering paragraph 496, defendants state that the allegations thereof cannot be answered because they make no sense.  In any event, defendants deny the allegations implied therein.

497.    Defendants deny the allegations of paragraph 497.

498.    For lack of information (a definition of "non-public governmental actor" and a description of the "policies, procedures, practices, and/or customs") sufficient to justify belief, defendants deny the allegations of paragraph 498.  Further answering, defendants deny that any defendant acted in violation of any statute, regulation, or ordinance.

499.    Defendants deny the allegations of paragraph 499.

500.    Defendants deny the allegations of paragraph 500.

501.    Defendants deny the allegations of paragraph 501.

502.    Defendants deny the allegations of paragraph 502.

503.    Defendants deny the allegations of paragraph 503.

504.    Defendants deny the allegations of paragraph 504.

505.    Defendants deny the allegations of paragraph 505.

506.    Defendants deny the allegations of paragraph 506.

507.    Defendants deny the allegations of paragraph 507.

508.    Defendants deny the allegations of paragraph 508.

509.    Defendants deny the allegations of paragraph 509.

510.    Defendants deny the allegations of paragraph 510.

511.    Answering paragraph 511, defendants deny the implication that a policy such as that described in paragraph 511 would be reasonable, or necessary, or possible.

512.    Defendants deny the allegations of paragraph 512.

513.    Defendants deny all of the allegations of paragraph 513, and deny the accuracy of plaintiff's opinion as stated therein.

514.    Defendants deny the allegations of paragraph 514.

515.    Defendants deny the allegations of paragraph 515.

516.    For lack of information sufficient to justify a belief, defendants deny the allegations of paragraph 516.

517.    Defendants deny that Baton Rouge police officers are not provided accurate and up-to-date training by appropriate instructors.

518.    Defendants deny all of the allegations of paragraph 518.

519.    Defendants deny the allegations of paragraph 519.

520.    Defendants deny the allegations of paragraph 520.

521.     Defendants deny the allegations of paragraph 521, and deny the accuracy of plaintiff's opinion as stated therein.

522.    Defendants deny the allegations of paragraph 522.

523.    Defendants deny the allegations of paragraph 523.

524.    Defendants deny all of the allegations of paragraph 524.

525.    Defendants deny all of the allegations of paragraph 525.

526.    Defendants deny the allegations of paragraph 526.

527.    Defendants deny al of the allegations of paragraph 527.

528.    Defendants deny all of the allegations of  paragraph 528.

529.    Defendants deny the allegations of paragraph 529.

530.    Defendants deny the allegations of paragraph 530.

531.    Defendants deny all of the allegations of  paragraph 531.

532.    Defendants deny the allegations of paragraph 532.

533.    Defendants deny the accuracy of  plaintiff's opinion as stated in paragraph 533.

534.    The allegations of paragraph 534 require no categorical answer.

535.    Defendants deny the allegations of paragraph 535.

536.    Defendants deny the allegations of paragraph 536.

537.    Defendants deny the allegations of paragraph 537.

538.    Defendants deny the allegations of paragraph 538.

539.    Defendants deny the allegations of paragraph 539.

540.    Defendants deny the allegations of paragraph 540.

541.    Defendants deny the allegations of paragraph 541.

542.    Defendants deny the allegations of paragraph 542.

543.    Defendants deny the allegations of paragraph 543.

544.    Answering paragraph 544, defendants deny any "retaliatory" tactics involving

plaintiff; further answering, defendants show that even had there been such, defendants

Roper, Freeman, Batson, Gremillion, Hilburn, and Knightshead, have no authority or responsibility to investigate tactics or practices of the Baton Rouge Police Department.

545.   Defendants deny each and every implication contained in paragraph 545.

546.   Defendants deny the allegations of paragraph 546.

547.   Defendants deny the accuracy of plaintiff's opinion as set out in paragraph 547.

548.   Defendants deny the allegations of paragraph 548.

549.   Defendants deny all of the allegations of paragraph 549.

550.   Defendants deny the allegations of paragraph 550

551.   Defendants deny the allegations of paragraph 551.  To the extent the allegations apply to defendant Muller, the allegations are denied as written.  Muller was a cadet in the police academy and did not actively participate in the actions alleged.

552.   Defendants deny the allegations of paragraph 552.

553.   Defendants deny accuracy of the plaintiff's opinion as set out in paragraph 553.

554.   Defendants deny the accuracy of plaintiff's opinion as set out in  paragraph 554.

555.   Defendants deny all of  the allegations of paragraph 555.

556.   Defendants deny the allegations of paragraph 556.

557.   Defendants deny the allegations of paragraph 557.

558.   Defendants deny all of the allegations of paragraph 558.

559.   Answering paragraph 559, the allegations are denied; further answering, the Parish Attorney's Office has no authority or responsibility to investigate tactics or practices

of the Baton Rouge Police Department.

560.    Defendants deny the all of the allegations, direct and indirect, set out in paragraph 560.

561.    Defendants deny all of the allegations of paragraph 561.

562.    Defendants deny all of the allegations of  paragraph 562.

563.    Defendants deny the allegations of paragraph 563.

564.    Defendants deny all of the allegations, direct and implied, of paragraph 564.

565.    Defendants deny the allegations of paragraph 565.

566.    Defendants deny the allegations of paragraph 566.

567.    Defendants deny all of the allegations of paragraph 567.

568.    Defendants deny all of the allegations of paragraph 568.

569.    Defendants deny all of the allegations of paragraph 569.

570.    Defendants deny all of the allegations of paragraph 570.

571.    Defendants deny the allegations of paragraph 571.

572.    Defendants deny the allegations of paragraph 572.

573.    Defendants deny all of the allegations of paragraph 573.

574.    As stated above, the Parish Attorney's Office has neither the responsibility nor authority to investigate tactics or practices of the police department; further answering, defendants deny the allegations of paragraph 574.

575.    Parish attorneys have no authority to investigate the police department;

defendants deny any deficiencies in the police department.

576.    Defendants deny all of the allegations of paragraph 576.

577.    Defendants deny the allegations of paragraph 577.

578.    Defendants deny all of the allegations of paragraph 578.

579.    Defendants deny the allegations of paragraph 579.

580.    Defendants deny the allegations of paragraph 580.

581.    Defendants deny the allegations of paragraph 581.

582.    Defendants deny the accuracy of plaintiff's opinion as set out in paragraph 582.

583.    Defendants deny the accuracy of plaintiff's opinion as set out in paragraph 583.

584.    Defendants deny the allegations of paragraph 584.

585.    Answering paragraph 585, defendants deny the direct and implied accusations of paragraph 585.

586.    Answering paragraph 586, defendants deny the direct and implied accusations of paragraph 586.

587.    Defendants deny the allegations of paragraph 587.

588.    Defendants deny all of the allegations of paragraph 588.

589.    Defendants deny the direct and implied accusations set out in paragraph 589.

590.    Defendants deny all of the allegations of  paragraph 590.

591.    Defendants deny all of the allegations of  paragraph 591; further answering, even were there such as alleged, the parish attorney's office has no authority to criticize or

investigate the police department.

592.   Defendants deny the allegations of paragraph 592.

593.   Defendants deny the accuracy of plaintiff's opinion as set out in paragraph 593.

594.   Defendants deny the allegations of paragraph 594.

595.   Defendants deny all of the allegations of paragraph 595.

596.   Defendants deny the allegations of paragraph 596.

597.   Defendants deny the allegations of paragraph 597.

598.   Defendants deny any "unlawful act" on the part of either Thomas or Wennemann, and deny the remaining allegations of paragraph 598.

599.   Defendants deny the allegations of paragraph 599.

600.   Defendants deny the allegations of paragraph 600.

601.   Answering paragraph 601, defendants show that the plaintiff's claim under Article I, §3 of the Louisiana Constitution is identical to his claim under the Fourteenth Amendment and should be dismissed.

602.   Defendants deny the allegations of paragraph 602.

603.   Answering paragraph 603, defendants show that plaintiff's claim under Article I, §5 of the Louisiana Constitution is identical to his claim of a violation of the Fourth Amendment of the United States Constitution and should be dismissed.

604.   Defendants deny the allegations of paragraph 604.

605.   Answering paragraph 605, defendants show that plaintiff's claims under Article

I, §9 of the Louisiana Constitution are identical to his claims under the First Amendment of the United States Constitution and should be dismissed.

606.   Defendants deny the allegations of paragraph 606.

607.   Defendants deny the allegations of paragraph 607.

608.   Defendants deny all of the allegations of paragraph 608. To the extent the allegations apply to defendant Muller, the allegations are denied as written.  Muller was a cadet in the police academy and did not actively participate in the actions alleged.

609.   Answering paragraph 609, defendants deny all accusations, direct and indirect, implicit in the paragraph.

610.   Answering paragraph 610, defendants deny the accuracy of plaintiff's opinion as set out in  paragraph 610.

611.   Defendants deny all of the allegations of paragraph 611.

612.   Answering paragraph 612, defendants deny all accusations, direct and implied, contained in paragraph 612.

613.   Defendants deny the allegations of paragraph 613.

614.   Defendants deny the allegations of paragraph 614.

615.   Defendants deny the allegations of paragraph 615.

616.   Defendants deny any unlawful tactics of the police department;  further answering, defendants show that the parish attorney's office has no authority to investigate the police department, anyway.

617.   Defendants deny all of the allegations of paragraph 617.

618.   Defendants deny all of the allegations of paragraph 618

619.   Defendants deny all of the allegations of paragraph 619.

620.   Defendants deny the allegations of paragraph 620.

621.   Defendants deny the allegations of paragraph 621.

622.   Defendants deny the allegations of paragraph 622.  Further, the claim alleged in  paragraph 622 is identical to that alleged in Count three and should be dismissed.

623.   Defendants deny the allegations of paragraph 623.

624.   Defendants admit the provisions of Louisiana Civil Code Article 3215.

625.   Defendants admit the provisions of Louisiana Civil Code Article 2316.

626.   Defendants admit the provisions of Louisiana Civil Code Article 2317.

627.   Defendants admit the provisions of Louisiana Civil Code Article 2320.

628.   Defendants deny all of the allegations of paragraph 628.

629.   Defendants deny the allegations of paragraph 629.

630.   Defendants deny the allegations of paragraph 630.

631.   Defendants deny the allegations of paragraph 631.

632.   Defendants deny the allegations of paragraph 632.

633.   Defendants deny the allegations of paragraph 633 and each subparagraph thereof.

634.    Defendants deny that plaintiff has any right to the relief sought in paragraph 634.

635.    Defendants deny plaintiff's right to punitive damages.

636.    Defendants deny that plaintiff is entitled to an award of attorney fees.

FURTHER ANSWERING PLAINTIFF'S COMPLAINT,

637.  Defendants demand trial by jury.

WHEREFORE, defendants pray that this matter be tried by jury and that plaintiff's demands be dismissed at plaintiff's costs.

> BY ATTORNEYS:
> Lea Anne Batson
> Parish Attorney
>
> /s/Deelee S. Morris
> Deelee S. Morris (#28775)
> Assistant Parish Attorney
> 222 St. Louis Street, 9th Floor (70802)
> P.O. Box 1471
> Baton Rouge, LA 70821
> (225) 389-3114 - Telephone
> (225) 389-8736 - Facsimile
> dsmorris@brgov.com - Email
> *Attorney for Theodore Smith, Brett Delcambre, Kama Russell and Marlon Harris*

## CERTIFICATE

I hereby certify that a copy of the above and foregoing pleading was this date electronically filed with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent to attorneys for plaintiff, Mr. Terrence Joseph Donahue, by operation of the

Court's electronic filing system.

Baton Rouge, Louisiana, this 30th day of June, 2016.

/s/Deelee S. Morris
Deelee S. Morris